## TAYLOR, SHIPTON & Co. *v.* RUNYAN & BROWN.

Where in an action on a transcript of a judgment rendered in the state of Pennsylvania, it appeared from the transcript, that a summons was issued June 21, 1838, and returned as follows: "Summoned by copy of original, left at the residence of defendants, May 13, 1838." *Held*, That the evidence of personal service on the defendants, was sufficient in the courts of this state.

And where in such a case, it appeared from the precipe, statement, summons, and return copied into the transcript, that on the 21st of May, 1838, the plaintiffs filed the precipe and statement, claiming of defendants the sum of $15.396, in an action of debt, on a sealed note; that on the 21st of June, 1838, summons issued, returnable "on the first Monday of June next," which was returned with the following indorsement: "Summoned by copy of the original, left at the residence of defendants, May 13, 1838. M. Allen, Sheriff;" and where the docket entry was as follows:

Taylor, Shipton & Co. v. Runyan & Brown.

| " Howell, Hennikers, Attys for tax, Pro. Sloan, Atty St. Shiff. A. | | Statement. | Summons.—Debt. |
|---|---|---|---|
| Attys for tax | 50 | TAYLOR, SHIPTON & Co. | Issued May 21st. Summoned by copy of original, left at the residence of defendants, May 23d, 1838.—$2.53. |
| Pro. Sloan | $2.41 | | |
| Atty St. | 3.50 | vs. | June 14th, 1838. Judgment |
| Shiff. A. | 2.53 | | sec. reg. for want of plea. |
| | ——— | RUNYAN & BROWN. | January 9th, 1839, sum ascertained at $155.07. Interest from June 14, 1838.— |
| | $8.44 | | |

" *Fi. fa.* for debt, interest and costs, to March term, 1839 ;" *Held*, That the transcript, on its face, did not show a judgment rendered in the courts of Pennsylvania.

### Appeal from the Jefferson District Court.

PLAINTIFFS declare upon a judgment rendered in the Court of Common Pleas of Fayette county, Pennsylvania. To the declaration is attached what purports to be a transcript of the judgment, the material facts of which are as follows : On the 21st of May, 1838, plaintiffs filed their precipe and statement, claiming of defendants the sum of $153.96, in an action of debt on a sealed note. On the 21st of June, 1838, summons issued, returnable " on the first Monday of June next," which was returned with the following indorsement, " Summoned by copy of the original, left at the residence of defendants, May 13th, 1838. M. Allen, Sheriff." These dates appear from the precipe, statement, summons, and return, copied into the transcript. And then follows a " Copy of the Docket Entry," as follows :

| " Howell, Hennikers, | | Statement. | Summons.—Debt. |
|---|---|---|---|
| Attys for tax | 0.50 | TAYLOR, SHIPTON & Co. | Issued May 21st. Summoned by copy of original, left at the |
| Pro. Sloan | $2.41 | | residence of the defendants, |
| Atty. St. | 3.50 | vs. | May 23d, 1838.—$2.53. |
| Shiff. A. | 2.53 | | June 14, 1838. Judgment |
| | ——— | RUNYAN & BROWN. | sec. reg. for want of plea. |
| | $8.44 | | January 9th, 1839, sum ascertained at $155.07. Interest from June 14, 1838. |

" *Fi. fa.*, for debt, interest and costs, to March term, 1839." A *fi. fa.* was issued accordingly, and returned *nulla bona.*

And afterwards an alias *fi. fa.* was issued to the sheriff of Alleghany county, which was returned : "Stayed by order of plaintiff." The *fi. fa's.*, and the returns thereon, are set out in full in the transcript, and the proper certificates are attached, to the effect that the said transcript contains a full and perfect copy of the record, and of all the papers, and docket entries, in any way relating to said cause.   To the declaration, Brown demurs, for the following reasons : *First.* That there was no service of process on defendants, as shown by said transcript, nor appearance by them ; and *Second.* Because said transcript does not show that any *judgment* was ever rendered by any court.   This demurrer was sustained, and from this ruling plaintiffs appeal.

*C. C. Nourse,* for the appellants.

The demurrer of defendant, which was sustained by the court below, assigns four causes of insufficiency in the petition, all of which relate to the transcript of the judgment.

1st.   That the papers do not show that any judgment was rendered by the court.

The transcript recites, that "among the pleas and records enrolled in the Court of Common Pleas, at Uniontown, in and for the county of Fayette, in the Commonwealth of Pennsylvania, before the Hon. SAMUEL A. GILMORE, Esq., President, and his associates, judges of the same court, at the term of June, A.D. 1838, No. 155, it is contained," &c., &c.   This discloses the fact that these are the proceedings of a court of general common law jurisdiction, and of original jurisdiction, having complete jurisdiction of the *subject matter in controversy.*   On page 4, we have the docket entry, containing the full adjudication and finding of the court.   1st. The names of the parties.   2d. The names of the attorneys, both for plaintiffs and defendants.   The court find : Summons issued, May 21.   Service, by copy of original, left at the residence of defendant, May 23d, 1838 ; June 14th, 1838.   Judgment " *sec. reg.*," for want of plea ; January 9th, 1839, sum ascertained at $155.07 ; Interest from June 14th, 1835.

The words *sec. reg.* which seemed to be a stumbling block

in the court below, and which counsel for defendants insisted referred to another record, not copied in the transcript, simply means "*secundum regulum*," Latin words, importing *secundum*, according to, *regulum*, regulation or rule. The rule not only of that, but of all courts: "That when the defendant has appeared and fails to plead to the declaration of plaintiff, the plaintiff may have judgment." The idea that there is a further portion of this record, is contradicted by the certificate of the clerk. This disposes of the first and second objection contained in the demurrer.

The third cause of demurrer is, that the transcript shows no service, and no appearance. Neither is sustained by the record. An appearance for Runyan & Brown, by Mr. Henniker, is sufficiently stated, not only in the margin, but by the fact that the judgment is not by default for want of appearance, but is *sec. reg.*, for want of a plea, which imports absolutely an appearance by the defendants; and this appearance cures all defects in the service and all irregularities in the process. *Voorhees* v. *The Bank of United States*, 10 Peters, 469; *Hart* v. *Cummings*, 1 Iowa, 564; *Latterett* v. *Cook*, 1 Ib. 1.

The defects in the matter of the dates of service are clearly clerical errors, as they show service before issue, &c. The filing of the precipe and the time of service stated in the judgment of the court, are consistent. Any clerical errors or defects in the *manner or time of service*, or *defect in the return*, can only be cured by writ of error, or on appeal. They cannot affect the conclusiveness of the finding of the court or of the judgment, in a collateral proceeding, or in a suit of this nature. *Thompson* v. *Tolmie*, 2 Peters, 162 ; 2 Howard, 319; 6 Ib. 31. The fact is, there *was a service ;* the record shows it. As to the *time* and discrepancies in the *time*, or contradiction in the dates, they were matters of adjudication in the court of common pleas in Fayette county. If the court erred, the remedy was by appeal.

*Charles Negus*, for the appellees.

The defendants claim the following as grounds of defence :

1. That the defendants had no legal notice of the pending of the suit, and that they made no appearance in court, and consequently the judgment, if any there is, is void and of no force. See 2 U. S. Digest, 224. A judgment against defendant, who has had no notice of the suit, either actual or constructive, is a nullity. *Anderson* v. *Miller*, 4 Blackford, 417; *Smith* v. *Ross*, 1 Mis. 463; *Woods, ex parte*, 3 Pike, 532; 2 U. S. Digest, 244.

2. Everything in the transcript which shows that there ever was a judgment, is the following words: "June 14th, 1838. Judgment *sec. reg.* for want of a plea." And defendants claim that this does not amount to a judgment, and that there is nothing in the transcript which will authorize the rendering of a judgment in favor of plaintiff. 2 U. S. Digest, 223. The rendering of a judgment is a judicial act to be done by the court only. *Matthews* v. *Moore*, 2 Murph. 181. An entry by a justice of the peace in the record, that the plaintiff filed his demand for thirty dollars; the defendant not appearing, the plaintiff proved his demand, and I gave judgment for the same, is not a judgment. *Polhemus* v. *Perkins*, 3 Green, 435. There is nothing in the transcript which shows that the proceedings were had by any competent court, to adjudicate the matter. And the record is not signed by any person purporting to be judge.

WRIGHT, C. J.—We think the first point in the demurrer, is not well taken. A very similar question was before this court, in the cases of *Latterett* v. *Cook*, 1 Iowa, 1, and of *Hart* v. *Cummins*, 1 Ib. 564. The evidence of personal service in this case, is more full than in either of those, and while there are some discrepancies in dates, they are at most but irregularities, into which an appellate court in Pennsylvania might inquire, but for which this court would not hold the judgment, if one has been rendered, invalid.

The second question has not been before this court, and is of more difficulty. Our law requires that where a pleading is founded on a written instrument, a copy of it shall be annexed to the pleading. When so annexed, it becomes a part

of the pleading, and it is all to be connected together. When thus construed, if there is not shown a substantial cause of action, it is a good ground of demurrer.   In this case, plaintiffs seek to recover the amount of a judgment, which they claim to have been rendered in the county of Fayette, state of Pennsylvania.   The petition is in the usual form, averring that at such a time the plaintiffs by the consideration of the court, &c., recovered a judgment for an amount, which they proceed to set forth.   To this petition, they annex what is termed a transcript of the judgment and proceedings, so rendered and had in the Pennsylvania court.  The question now is, whether the transcript so annexed, taken in connection with the petition, shows that plaintiff has a substantial cause of action? or whether there is sufficient to satisfy us, that the judgment was rendered as claimed?

The constitution of the United States provides, that full faith and credit shall be given in each state, to the public acts, records, and judicial proceedings of every other state ; and that the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.   Congress did accordingly, by the act of 26th of May, 1790, chapter 11, provide for a mode of authenticating such records and judicial proceedings of the state courts, and then declared that the "records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them, in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are, or shall be taken.   By this act, it is now well settled, that Congress not only provided a means for the admission of such records as evidence, but also declared the *effect* of such evidence, when so admitted.   This was done by declaring what faith and credit should be given to such records, and that is such as it may have by law or usage, in the courts of the state from whence it may be taken.   The material inquiry in most cases, where the jurisdiction is not denied, therefore is, what is the effect of such judgment or record in the state where rendered? In this case, however, the material question is, whether a

judgment has been rendered ?   For if there is not sufficient in this record to show the rendition of a judgment, all further inquiry ceases.   When we speak of a judgment under our law, in its broadest sense, we mean all final adjudications of civil actions.   Code, § 1814.   At common law, this judgment is the sentence of the law, pronounced by the court, upon the matters contained in the record of an action before it.   When we speak of a final judgment, therefore, we understand it to be, the application of the law by the court, to the particular case before it, and specifically granting or denying the remedy sought by the action.   3 Black. Com. 395. And the same author speaks of the judgment as "the remedy prescribed by the law for the redress of injuries, and the suit or action as the vehicle or means of administering it. What that remedy may be, is indeed the result of deliberation and study, to point out, and therefore, the style of the judgment is not, that it is decreed, or resolved by the court, for then the judgment might appear to be their own; but, "it is considered,"—*considerutum est per curiam*,—that the plaintiff do recover his damages, his debts, his possession, or the like, which implies that this judgment is none of their own ; but the act of the law pronounced and delivered by the court, after due deliberation and inquiry.   In general, the nature of the judgment is intimated or stated by the court, and the clerk enters it on the minutes in due form.

This court has before held, with reference to judgments rendered in this state, that no particular form of words is necessary, and we are not inclined to apply a more stringent rule, to the judgments of other states, when prosecuted in our courts.   We should, therefore, not hesitate to enforce a judgment, because the word *decreed* or *resolved*, should be used instead of *considered*.   But we cannot but think, that there should be something more than appears in this case, to show that a court has acted, in applying the law to a cause or action before it; something to show more clearly, that there has been a judicial determination, decision or adjudication.   While there is no *particular* form necessary, yet there must be *some* form, something to show that the judg-

ment stated or indicated by the court, has been entered by the clerk. We feel satisfied that, independent of some particular statute, rule, or usage in the state, from whence this supposed judgment was taken, there is not sufficient to give it the force and effect of a judicial determination in this state. Except the language used may be aided by such statute, rule, or usage, it is extremely indefinite. On its face, there is nothing to show by whom the judgment was rendered, or against whom, nor for what amount, if in fact there is a judgment by any court, or against any person. "Judgment *sec. reg.* for want of plea," appears to be entered, June 14th, 1838, and then January, 9th, 1839, "Sum ascertained at $155.07;" and this is the substance of all we have to show a judgment. This appears to us to be too barren of every essential requisite of a judgment entry, to authorize us to dignify it with that name, unless it has the faith and credit due to a record or judicial proceeding, by virtue of some local law, rule, or usage, in the state where it purports to be rendered. It is said by appellants, however, that this is the usual form of a judgment in Pennsylvania, and that nothing more is required by the *laws* of that state. No statute has been brought to our attention, however, to warrant this position. In our investigation, we have found that the statutes of that state, speak generally of the rendition of judgment— of the duty of prothonotaries to make, prepare, and keep a judgment docket, into which they are required to copy the entry of every judgment, after the same shall have *been entered*—of the duty of the judges of these courts of record, to sign judgments when rendered, and the date of such signing, "upon the margin of the record where the said judgment shall be entered," and other provisions that certainly do not indicate that judgments in that state when entered, are any different in form from those found in our own or other states. See 6th edition Parden's Digest Laws of Pennsylvania, 604, 605, 907.

But it is further claimed, that this form is sufficient, and shown to be so, under the *rules* established by those courts. No such rules are before us, in any way that we could pos-

sibly notice them. The transcript, as already shown, uses the words judgment *sec. reg.* The writing is not entirely legible, and the appellees claim, that these abbreviations are see. reg., and mean, see register ; thereby referring to some other book for the judgment. The appellants, on the other hand, claim that the true reading is *sec. reg.* meaning *secundum regulam,* or according to rule or regulation. And the latter, we are satisfied, is the true meaning of the record. But when thus understood, we construe it to mean nothing more than a note or memorandum, showing that judgment was to be entered according to rule; and not that it was according to rule to enter a judgment in that way. See Dig. Penn. cited above, 47, 240. The defendant, it is said, failed to plead, and plaintiff was entitled to judgment for default of appearance, "according to rule established by the court, to regulate the practice in this respect." This may be true, but the evidence that a judgment was accordingly entered— that there was judicial action—that the law was applied to the case before the court, "according to rule," or otherwise, is what is wanting. To be *entitled* to judgment, "according to rule," and to have it *entered* according to law or rule, are quite different things.

We find one case, in many respects similar to this, adjudicated in the Supreme Court of the United States. It appears that the United States sued one Reeside, in the Circuit Court of the United States, for the Eastern District of Pennsylvania, on certain post-office contracts, to which he pleaded a set-off. The jury returned a verdict for defendant, on the several issues joined, for $188,496.06. The secretary of the treasury of the United States, refused to allow this sum, or to recognize it as due the defendant. Application was made by his executrix to the Circuit Court for the District of Columbia, for a *mandamus* against that officer, directing him to pay the sum so found by the jury to her. The application set forth all the proceedings, and averred that final judgment had been entered on the said verdict. The petition for the writ having been dismissed by the Circuit Court, the executrix appealed to the Supreme Court, and WOODBURY, J., in de-

livering the opinion of the court, says: " On an examination of the record, the first objection to the issue of a mandamus seems to be, that no *judgment* appears to have been given, such as is set out in the petition, in favor of Reeside, for the amount of the verdict. Certain minutes were put in of the proceedings in that suit, beginning with the writ in 1837, including the verdict, and coming down to May 12th, 1842, when it is said, " new trial refused, and judgment on the verdict." But these seem to be the mere waste docket minutes, from which a judgment or a record of the whole case, could afterwards be drawn up. They do not contain a judgment *in extenso,* nor are they a copy of any such judgment. *Reeside* v. *Walker,* 11 How. 272. And so it appears to us in this case, that we have before us but minutes, docket entries from which a judgment could or might be afterwards entered up. Or if not this, it is no more than the brief entries frequently found in what, in this state, we style the "judgment docket," and not the judgment entered in what we term the " record book," or book in which the proceedings of the court are found.

Our attention has been called to the case of *Slicer* v. *The Bank of Pittsburgh,* 16 How. 571. That case is, however, very different from this, in all of its facts and circumstances, and we find nothing in it indicating a different view from that above taken. But it is said, suppose it to be true, that this is the only form used in Pennsylvania, and all the evidence to be had of the entry or rendition of judgments by their practice, is there no way to enforce their collection in this or other states? We answer, that if it be true that by law, or usage in that state, judgments are thus entered, and have within that jurisdiction full force and credit, then a like force and credit will be given to them here. In the petition before us, however, there is no averment showing that such is the case. It is simply averred, that the plaintiffs obtained judgment against defendants, in a certain court which is named, and the transcript set out in the statement of the case, is annexed as evidence of the judgment on which they declare. We simply determine, that taking it all to be true,

upon general principles, without reference to any local or state law or usage, the plaintiff could not recover. Did the petition aver, and the proof on the trial show, that by the laws, practice, and usage of the state whence this transcript was taken, it was entitled to the faith and credit of a judgment, we should feel bound to give it the same force and effect. As the case is now presented, however, we think the demurrer was properly sustained.

Judgment affirmed.