PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
"   WM. G WOODWARD,   } JUSTICES.
"   L. D. STOCKTON,     }

| 9 | 219 |
| 111 | 600 |
| f111 | 602 |

| 9 | 219 |
| 124 | 586 |

| 9 | 219 |
| 138 | 204 |

## GREASONS v. DAVIS.

1. AUTHORITY OF BOOKS: HOW PROVED. That certain books are received by the courts of another state as evidence of the statute law thereof, may be proved by the evidence of persons familiar with the practice in the courts of such state.

2. EVIDENCE OF UNWRITTEN LAW. The unwritten law of another state may be proved in the courts in this State, by the evidence of those conversant with it. Such witnesses are regarded as experts.

3. PRACTICE AND USAGE UNDER STATUTE LAWS: HOW PROVED. The practice and usages established by the courts of another state, under the statute laws thereof, may be proved by the evidence of persons familiar therewith.

4. THE ACT OF THE DEPUTY IS REGARDED AS THE ACT OF THE PRINCIPAL. Where the certificate appended to a transcript of a judgment, rendered in the State of Pennsylvania, was attested by "D. H. N., Prothonotary, by P. Q., Deputy Prothonotary;" *Held,*
   1. That the act of the Deputy should be considered as the act of the princpal, and that the certificate was not defective.
   2. That in such case the office of deputy prothonotary should be presumed until the contrary is shown.

5. FOREIGN ADMINISTRATION. An executor substituted as a party plaintiff in the record of a judgment obtained by the testator, in the Cir-

cuit Court of the State of Pennsylvania, becomes, under the laws of that State, a party to the judgment to all intents and purposes; and he may maintain an action on such judgment, in the courts of this State, in his own name.

6. CASES CITED.   *Taylor, Shipton, & Co.* v. *Runyan & Brown*, 3 Iowa 475, examined, and the points wherein it differs from this case pointed out. *Abrams* v. *Erwin, ante,* and *Young* v. *Thayer*, 1 G. Greene 196; followed.

### *Appeal from Scott District Court.*

### THURSDAY, OCTOBER 13.

The plaintiffs brought their action upon two transcripts of judgments rendered in Pennsylvania, which, in form and character, are substantially like that in *Taylor, Shipton & Co.* v. *Runyan & Brown*, 3 Iowa, 475.   But the plaintiff in his petition, avers, that by the usage and practice of the courts in Pennsylvania, where said judgments were rendered, (of which copies are annexed to the petition,) full force and credit are given to the same, in the same measure as if they were made into formal records ; and the petitioner prays that like faith and credit may be given them in this State.   The defendant answered denying the allegations of the petition, and that the plaintiffs were executors, and that they were qualified to sue at the commencement of the action; and also pleading a limitation of six years and of ten years. The verdict and judgment were for the plaintiffs and the defendant appeals.

*Thompson & Barner,* and *Cook, Lindley & Clark,* for the appellants.

I. The court erred in admitting parol evidence to prove the laws of the State of Pennsylvania.   *Latterett* v. *Cook*, 1 Iowa 1.

II. The parol evidence admitted to prove the judgment should have been excluded.   9 Shepler 230.   The papers do not on their face show a judgment.   *Taylor, Shipton & Co.* v. *Runyan & Brown*, 3 Iowa 474; 8 B. & C. 341; 3 C. & P. 192.

Greasons v. Davis.

III. The certificate is by the deputy prothonotary, and is not in compliance with the law. *Lothrop* v. *Blake*, 2 Barr 483 ; 3 Gibbs 370; 4 Ib. 409 ; 1 Overton 328.

IV. The plaintiffs not having qualified as administrators under the laws of this State before suit brought, they had no capacity to sue. Code, sections 1309, 1310 ; 1 Greenl. Ev. section 544; 1 John. Ch. C. 153; Story's Con. Laws, sections 500, 504, 504*a*. 513, 514 and notes ; *Karracks* v. *Pratt's Executors*, 4 G. Greene 144; *Callaway* v. *Doe*, 1 Black. 372; *Call* v. *Ewing*, Ib. 301; Ham. R. 482 ; 9 Eng. Law & Eq. R. 216; 6 Barb. 431 ; 1 Ib 230; 3 Adolph. & E. N. R. 498; 4 Hagg. Ec. R. 403 ; 5 Mass. 67 ; 3 Ib. 514 ; 11 Ib. 256, 313 ; *Att'y General* v. *Dimond*, 1 Cromp. & Jer. 356, 370; *Mothland* v. *Wiman*, 3 Penn. R. 185.

*James Grant*, for the appellees.

1. The record of the judgment in Pennsylvania is entitled to the same faith and credit in this State that it receives in the courts of that state. Laws United States, Act. 26, May, 1790. The unwritten law and the usages observed by by the Courts of another State may be proved by parol. Code 1851, section 2444.

II. An executor's appointment relates back to the testator's death. The personal property is held in abeyance until qualification, and though a plaintiff sues before his appointment as administrator, if he is appointed before judgment it is sufficient. *Thompson* v. *Reynolds*, 3 Car. & P. 123; *Allen* v. *Dundas*, 3 T. R. 125 ; 1 Williams Ex., 159, 163; *Gage* v. *Johnson*, 20 Maine 437; *Campbell* v. *Baldwin*, 6 Blackf. 364; *Lawrence* v. *Bright*, 23 Pick. 128; 21 Penn. State R. 98.

WOODWARD, J.—The plaintiffs accompany their petition by the depositions of three witnesses, residents of that judicial district in Pennsylvania in which these judgments were rendered. One is the deputy prothonotary of the court, who has performed the duties of the office for two and a half years.

Another is a practicing attorney and counselor at law of thirty years standing, and who held the office of presiding judge of the district, for three years. And the other is the present presiding judge, who is a counselor at law of twenty-seven years standing, including six or seven years on the bench. These testify to the same matters, and to the same effect, as follows: That the exhibits A and B, (which are the transcripts filed in this case, and are similar to that in the case in 3 Iowa 475,) purport to be true copies of the record and proceedings in those cases (naming them,) as fully and as entirely as the same remain of record in said court; that full and entire faith and credit is given to the records of which they are copies, by the usages and practice of the courts of Pennsylvania; that no other entries could be made to give them the force and validity of judgments in that state, according to the usages and practice there; that, according to the usages and practice of said state, they are judgments, without any addition or alteration, having full force, effect and validity as such; that they would be treated as judgments until paid, or payment presumed, which would be in twenty years; that the plaintiff would be entitled to process of execution to collect, or of *scire facias* to revive them; that upon the death of a plaintiff, by their usages and practice it is necessary only to enter the suggestion of his death upon the record, and substitute on the record the name of his executor to entitle them to have process, in their name, to collect or to revive, or sue upon them; that one of these is thus revived according to usage, and the executors are made parties as required by practice and usage in Pennsylvania; and that nothing could be added to, or taken from them to make them more perfect, or to entitle them to the authentication of the clerk and judges, as given. Upon interrogatories to that effect, they further testify that a book commonly called Dunlap's Laws of Pennsylvania, is received in the courts of that state as evidence of the statute law of the same. And James Lane also testified that the book called Purdon's Digest of the Laws of Pennsylvania, is received as evidence of the

statute law of the state. The plaintiff offered these books in evidence, and read therefrom upon the subjects here, involved.

The defendant objected to the admission of these depositions and evidence as incompetent. The evidence was not subject to exception. The fact that the books were received as evidence of the law, was properly proved, and then they were read for the law. The remaining testimony went to prove the practice and usage under the statute. It is familiar practice to prove the unwritten law of another state by the evidence of those who are conversant with it. They are experts. So, too, it is equally competent to prove, in the same manner, the practice and usage under the written law, or statute. Thus this statute enacts that, when a plaintiff dies after judgment, his executors may proceed to execution thereon as the plaintiff might had he lived, but the act does not define the precise *modus operandi* by which the executor is to become party in the place of the deceased. This rests in the practice of the courts, as does the extent of meaning given to the act, and what acts the executor may do. This construction, usage and practice, may be shown as the unwritten law may be.

It will be perceived that the case differs from that of *Taylor Shipton & Co.* v. *Runyan & Brown*, 3 Iowa 475, in the averments of the petition in relation to the effect of these entries in Pennsylvania; and the evidence introduced to support these averments and to show the force and meaning of the record where they were made and exist. In that case it was stated that if there had been the proper averments and evidence supporting them, and showing that these forms of entry had the effect of judgments where they were made, it might, and probably would, make a different case. But there was nothing there, explaining the transcripts and showing what effect was given them at home. In our opinion the evidence was admissible, and was competent to prove the matters intended. These subjects, and the remarks

above, cover the first four and the sixth assignments of error.

The fifth assignment is to the admission of the exhibits A and B as exemplifications of the record and evidence of judgments in the State of Pennsylvania. Besides the objections considered above, it is urged that they are not certified to by the clerk. The attestation is, "D. H. Noell, Prothonotary, by P. Quigley, Deputy Prothonotary." This is taken as the act of the principal by his deputy. It is not regarded as merely the act of the deputy. In the case of *Abrams* v. *Erwin*, *ante*, the majority of this court held that the acknowledgement of a deed, taken by the clerk of the District Court, in the form, A. B. clerk, by C. D. his deputy, was the act of the clerk, and was good. That was when the power of the deputy to do the act, was doubted. But when the act comes within the range of the proper duties of the office, there is less doubt. Under the above decision, as well as upon general grounds, this attestation must be held sufficient. The case of *Lothrop* v. *Blake*, 3 Barr 483, was probably one in which the deputy attested in his own name alone, as deputy.

It is said there is no such officer as deputy prothonotary. In such a case, the existence of the office would be presumed the same as that of the principal, till the contrary was shown. But the judge certifies that Noell is prothonotary, and that Quigley is his deputy. The judge's certificate requires no seal, and his reference to one is surplusage. *Young* v. *Thayer*, 1 G. Greene 196.

The seventh and twelfth assignments relate to admitting in evidence the probate of the will of James Greason, the testator, in Pennsylvania, and the refusal to give the fourth instruction requested by the defendant, to the effect that, if the plaintiffs were not executors duly appointed and qualified under the law of Iowa, at the time of the commencement of this suit, they cannot recover, and that they have no authority by virtue of the authenticated transcript; that, though they were made parties to the judgments prior to the

Greasons v. Davis.

16th June, 1856, in Pennsylvania, this does not entitle them to sue in their own names, in Iowa; which instruction the court refused to give, but gave, in substance, the reverse of that proposition, that is, that if the jury found that the testator recovered such judgments in the Court of Common Pleas in Pennsylvania, and died, and on the 6th of May, 1856, his death was suggested, and the names of these plaintiffs were substituted on the record, and that, by the practice and usage of that state, such suggestion and substitution would, in that state, give the executors the right to process, and to collect or revive the judgments, or do any other act which the testator might in his lifetime, then the plaintiffs are entitled to recover. The action was commenced on the 17th June, 1856, after which the plaintiffs obtained letters of administration, as executors under the will, and before the return term of the process of notice; but they did not finally qualify by taking the oath, till 25th July. The defendant contends that the executors, not having obtained their letters and fully qualified, could not bring suit, and that they can not maintain it. On the other hand, the plaintiffs contend that, being executors by virtue of the will, they may sue, and it is sufficient if they obtain letters before the time at which the defendant is to answer.

It is unnecessary to determine the question last suggested, for we are of opinion that they may sue upon the other ground, namely, that they were made parties to the judgments in Pennsylvania. The process of making them parties is peculiar to that state, but the testimony is, that, by that process or form, they become parties to all intents, under their usage and practice. They may issue process—may revive and bring in action on the judgment, in their own names. Then, being *parties to* the judgments, they may sue elsewhere. It is the same as if one were party to a judgment there, as assignee in bankruptcy of another. So, too, if one should be party to a judgment there, as the trustee of another. These relations would be fixed by the judgment there, and it would carry them with it. If they had

not been made parties in Pennsylvania, they could not sue without taking out letters here, but we do not say at what precise time it should be done. Other reasons may require that they should still take out letters, in order to administer on the estate here, but these reasons do not require it before suing, in the present case.

By the seventh assignment the defendant excepts to the admission in evidence of the probate of the will of James Greason, in the State of Pennsylvania; and by the eighth assignment he excepts to the admission of the probate in Scott county, Iowa, and the grant of letters here. As the first is regularly certified under the hand of the judge of probate with the seal of the court, and then authenticated by the certificate of the judge of the Court of Common Pleas, and of the clerk of that court under seal, the form seems free from objection; as is that from Scott county also. We infer, therefore, that the only objections intended, are those above considered.

The ninth, and to the twelfth assignments, inclusive, relate to the refusal to give instructions requested by the defendants, which were to the effect, that the plaintiffs could not recover unless they had shown that they had revived the judgments in their own names. This matter is embraced in what has before been said upon their power to sue, and nothing need be added. The twelfth error is treated of in connection with the seventh. In these instructions the defendant requested the court to direct the jury that they should not allow interest unless the plaintiffs had, by proof, established the amount to which they were entitled.

Although the subject of interest is not expressly spoken of, the court probably intended to embrace it in the charge concerning the plaintiffs' right to recover. The evidence distinctly stated that, by the usage in Pennsylvania, under that form of entry of judgment, it drew interest at six per cent from the date there named.

Finding no error in the proceedings in this cause, nor in the judgment, the same is affirmed.