## CLEMMER & DUNN v. COOPER.

1. **Foreign judgment: WHAT TRANSCRIPT MAY EMBRACE.** In an action on a foreign judgment rendered on appeal from a justice of the peace, it is not error to admit in evidence a certified copy of the transcript of the justice's docket, when such transcript is embraced in that of the record of the court where final judgment was rendered, and formed a part of its entire record.

2. —— **INSUFFICIENT JUDGMENT: APPEAL TO SUPREME COURT.** Though a transcript of the proceedings of a court of another State, upon which suit is brought as upon a foreign judgment, does not show sufficient to constitute a judgment under our laws and practice, yet, if it be proved on the trial, that, by the laws, practice and usage of the sister State, it was entitled to the faith and credit of a judgment, it will be so regarded here. And where, on appeal to the Supreme Court, from a judgment rendered on such transcript in favor of the plaintiff, it is not shown, that all the evidence is embraced in the record, it will be presumed, that such proof was made on the trial below.

### *Appeal from Henry District Court.*

### TUESDAY, APRIL 7.

ACTION upon a foreign judgment, of which the following is a copy:

| | |
|---|---|
| CLEMMER & DUNN<br>*v.*<br>ZEBULON COOPER. | *Appeal by defendant from the judgment of Justice W. T. E. Webb, Esq., entered September* 24, 1858. |

"And now, February 9, 1859, defendant enters a rule on the plaintiff to declare on or before the first Monday of March next, or judgment (exit). Served February 9, 1859, on Clemmer & Dunn personally, by making known the contents, and giving them a copy of the same, says Geo. Wright, sheriff, fees fifty-five cents. And now, to wit, March 4, 1864, plaintiff enters a rule on the defend-

ant to refer the case to arbitrators, to be chosen at the prothonotary's office, on the 5th day of April, 1864, at 2 o'clock P. M. (exit, etc.). Served March 16, 1864, on R. W. Downey, by making known contents, and giving him a true and attested copy of same. Thomas Lucas, sheriff, fees ten cents. And now, November 17, 1865, plaintiffs enter a rule on defendant to plead on or before the first Monday of December next, or judgment (exit). November 17, 1865, defendant pleads non-assumpsit, payment, and payment with leave, etc. (See rule.) December Term, 1865, issue list, December 7, 1865, continued. June Term, 1866, issue list, June 14, 1866, jury sworn, and verdict for plaintiffs for fifty-eight dollars and eighty-two cents ($58.82); January 7, 1867, G. L. Wyley files receipt of H. Johns, sheriff, of same date, for five dollars, the jury fee in this case; same day judgment on the verdict, by J. F. Temple, prothonotary; sum due ascertained to be sixty dollars and seventy-two cents ($60.72), interest from January 7, 1867."

There was an answer filed by the defendant in this case, simply denying all the material affirmative allegations of the petition. Upon the issue thus made, there was a trial to the court, and judgment rendered for the plaintiffs. From this judgment the defendant appeals.

*L. G. Palmer* for the appellant.

*T. W. & John S. Woolson* for the appellees.

COLE, J.— The errors assigned by the appellant's counsel are substantially two, — first, that the court erred in 1. FOREIGN JUDGMENT: what transcript may embrace. admitting in evidence the certified copy of the transcript from the docket of the justice of the peace who first tried the cause in Greene county, Penn., from whence the judgment record comes. This transcript was embraced in the certified

copy of the record and proceedings in the Court of Common Pleas, wherein the judgment sued upon is claimed to have been rendered. It being a part of the entire record of the court by which the judgment itself was rendered, and being duly authenticated as such, there was no error in admitting it.

Second, that the court erred in rendering judgment for the plaintiffs upon the evidence introduced in the cause, for that the copy of the pretended judgment is in law no judgment of a court, but simply a memorandum by a "Pro." The attorneys for the respective parties signed an agreement in the form of, and to be taken as, a bill of exceptions. The agreement commenced as follows: "Be it remembered, that, in the trial of this cause in the District Court, the facts are and were as disclosed in the transcript of judgment from Pennsylvania.` (Here follows the entire transcript, including judgment as set out in statement, the return by the justice of the proceedings before him, etc., and the authentication, etc.) The defendant objected to its introduction in evidence under the pleadings, and excepted to judgment rendered by the District Court at the time, and this agreement is made of record by agreement in lieu of a bill of exceptions."

*2. —— insufficient judgment: appeal to Supreme Court.*

There is nothing in the record of this case to show that we have all the evidence which was introduced before the District Court. We need not determine whether the judgment sued upon is sufficiently formal and authoritative as a judgment, on its face, to authorize a recovery upon it. For it was *held* in *Taylor, Shipton & Co.* v. *Runyan & Brown* (3 Iowa, 474; S. C., 9 id. 522), that, if it was proved on the trial, that, by the law, practice and usage of the State from whence the transcript came, it was entitled to the faith and credit of a judgment, we should feel bound to give it the same force and effect.

See also *Greason* v. *Davis*, 9 Iowa, 219. Now, beyond controversy, the judgment in this case is more formal than in the case just quoted from. If such evidence was introduced in the court below — and we have nothing to show us that it was not — then the judgment was unquestionably correct. Whether it would be correct without such evidence we should not determine, for such question is not before us. Error must be affirmatively shown. Every reasonable presumption, in favor of the correctness of the action of the court below, may be indulged in by an appellate court to support the judgment appealed from.

Affirmed.