ALMON L. DAY vs. DWELLING-HOUSE INSURANCE CO.

Lincoln.    Opinion January 18, 1889.

*Insurance.   Void Condition.   Evidence.   Proof of Loss.   Agent.   Attorney.
Waiver.   R. S., c. 49, §§ 21, 90.*

The insurance laws of this state render null and void a condition in a fire insurance policy that no act of any agent of the company, other than its president or secretary, shall be construed or held to be a waiver of a full and strict compliance with all the provisions of the policy.

A letter written by any agent of the company is admissible in evidence to explain or excuse delay in furnishing proofs of loss. Provisions in R. S., c. 49, §§ 21, 90, should not be limited in their application to the agents through whom insurance is effected, or to those whose names are borne upon policies; they were intended to apply to all the agents of insurance companies; to those appointed to investigate the circumstances attending fires and to adjust losses as well as to those through whom the insurance is effected.

ON MOTION AND EXCEPTIONS, by defendant.

This was an action on policy of fire insurance. Verdict for plaintiff for $999.87. The plaintiff contended, among other things, that his delay to make proof of his loss had been waived by the defendant, and offered in evidence a letter dated January 26, 1887, purporting to have been written by one D. C. Robinson to one S. W. Jackson, attorney for plaintiff. Said Robinson appeared as attorney of record of defendant at October term 1887 of said court. The letter was admitted by the presiding justice, against defendant's objection. In this connection, the presiding justice instructed the jury, among other things, as follows :

"I say then further, if that letter was written by Mr. Robinson for and in behalf of the company, and was by authority of the

company, because what I am speaking of now must come from the company itself, and if from the other testimony, you are satisfied that there were negotiations going on between these parties from the time, or very near the time, within thirty days of the time of the loss, continued up to that time, that would be a waiver of notice entirely.

Then the question is, whether you are satisfied from the evidence in the case, that the company were by themselves or through their authorized agents making an investigation into this matter in consequence of the first notice of the loss and acting upon that notice, making no objection to the plaintiff on account of the absence of the other notice or on account of any defects which might exist in it." * * *.

"The courts have decided in all these cases, that both plaintiff and defendant, both the assured and the insurer shall act in good faith, and although this notice is required to be given without any asking or demand on the part of the defendant company, it has been held to be a want of good faith in them while going on in negotiation and investigation of matters in order to ascertain their rights, to object that the notice has not been fully complied with, without informing the plaintiff of such defects or want of notice.

This case must turn under this instruction, so far as this want of notice is concerned, not upon the delay, because I tell you that is too long, but upon the question whether the company themselves have taken such a course, as would amount to a waiver, as I have endeavored to explain it to you."

The defendant requested the presiding justice to instruct the jury that the provision in the policy, that no waiver should be made, except in writing, signed by the president or secretary, was operative and binding upon the parties,—which requested instruction was refused. The provision in the policy, referred to, reads as follows:

"No act or omission of the company or any act of its officers or agents shall be deemed construed or held to be a waiver of a full and strict compliance with the foregoing provisions of the terms and conditions of this policy, nor an extension of time to the

assured for compliance, except it be a waiver or extension in express terms and in writing, signed by the president or secretary of the company."

*L. M. Staples,* for the plaintiff cited:   R. S., c. 49, § 21 ; *Kingsley* v. *N. E. Mut. Fire Ins. Co.,* 8 Cush. 393, 399, 402.

*W. H. Hilton,* for the defendant.

By R. S., c. 49, § 21, all provisions contained in any policy of insurance, in conflict with any of the provisions thereof are null and void, and all contracts of insurance made, renewed or extended in this state, or on property within the state are subjected to the provisions thereof.

It would seem a just and legal inference that all provisions contained in a policy of insurance not in conflict with the statute are valid, and binding upon the parties to the contract. *Emery* v. *Piscataqua F. & M. Ins. Co.,* 52 Maine, 322, 326.

In *Campbell* v. *Monmouth Mut. Fire Ins. Co.,* 59 Maine, 430, 434, and in *Dolbier* v. *Agricultural Ins. Co.,* 67 Maine, 180, 184, where the question of notice is discussed, the court declares that the plaintiff must show either such notice, as has been stipulated in the contract of insurance, or such notice as the statute prescribes.

Presumably, the same rule would apply to the proof of loss or the waiver of such proof.

The policy of insurance in this case contains this provision : "No act or omission of the company or any of its officers or agents shall be deemed, construed or held to be a waiver of a full and strict compliance with the foregoing provisions of the terms and conditions of this policy, nor an extension of time to the assured for compliance, except it be a waiver or extension in express terms and in writing signed by· the president or secretary of the company."

By R. S., c. 49, § 19, "the agent whose name is borne on the policy is its (the company's) agent in all matters of insurance, &c."

The only conflict between this provision of the policy and the provisions of the statute is, that by the statute, the agent whose name is borne on the policy may waive notice or proof, notwithstanding the terms of the contract.

A waiver to be operative must take place before the expiration of the time for supplying the proof, either under the policy within thirty days or under the statute within a reasonable time. 2 Wood on Fire Insurance, 971 ; *Smith* v. *State Ins. Co.*, (Iowa) 21 N. W. R., 145 ; *Beatty* v. *Lycoming Ins. Co.*, 66 Penn. St. 9.

When no attempt has been made to comply with the conditions of the policy or the requirements of the statute in furnishing proof of loss, the failure of the company to object, there being nothing to which it can object, or its silence under the circumstances, cannot be regarded as a waiver. *Connell* v. *Milwaukee Ins. Co.*, 18 Wis. 387 ; *Franklin Ins. Co.* v. *Chicago Ice Co.*, 36 Md. 102.

Ladd, the insurance company's agent testifies, that he prepared the application at Day's request ; he was for the time, acting for Day, and the company is not thereby bound by the statements of value. *Mutual Fire Ins. Co.* v. *Deale*, 18 Md. 26, 29, (79 Am. Dec. 673,) 2 Wood on Fire Insurance, § 412.

WALTON, J. This is an action on a fire insurance policy. A trial has been had and a verdict returned for the plaintiff. The case is before the law court on motion and exceptions by the defendant. We think the motion and exceptions must be overruled.

1. The evidence of fraud, or of a fraudulent burning of the buildings insured, is very weak,—too weak to predicate a verdict upon.

2. The insurance company excepts to the admission in evidence of a letter from an agent of the company to the plaintiff's attorney. It appears that the fire occurred Oct. 6, 1886 ; that notice of the fire was given to the defendant's agent the next day ; but that what is commonly called the proof of loss was not furnished till the next April. The defendant's attorney insisted at the trial that this was not in season ; and to excuse the delay, and show that it was at the request of the defendant's agent, the letter in question was offered and admitted. It is claimed that the letter was inadmissible because, by the terms of the policy, it is declared that no act of any agent of the company, other than its secretary or president, shall be construed or held to be a waiver

of a full and strict compliance with all the provisions of the policy. The policy does contain such a provision. But we have no hesitation in declaring the provision illegal and void. Previous to the enactment of our present insurance law, policies had become so loaded down with provisos, limitations and conditions, that in many cases they secured to the insured nothing better than an unsuccessful lawsuit in addition to the loss of his property. And one of the purposes of our present statute was to put an end to this evil. The statute declares that the agents of all insurance companies, foreign or domestic, shall be regarded as in the place of the company, *in all respects*, regarding any insurance effected by them; and that all provisions contained in any policy in conflict with any of the provisions of said chapter shall be null and void. R. S., c. 49, §§ 21 and 90. We think these provisions should not be limited in their application to the agents through whom insurance is effected, or to those whose names are borne upon policies. We think they were intended to apply to all the agents of insurance companies; to agents appointed to investigate the circumstances attending fires and to adjust losses as well as to those through whom the insurance is effected. The letter admitted as evidence was written by an agent of the defendant company. It contained these words: "Make no move in the Day case until I see you." We think such a letter is admissible in evidence to explain or excuse delay. And we think that the instructions of the presiding judge to the jury as to the weight and the effect to be given to such a letter, in connection with early commenced and continued negotiations between the parties for a settlement of the plaintiff's claim, were correct and proper. We fail to discover any valid ground for granting a new trial.

*Motion and exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.