Fred Miller Brewing Company v. Capital Insurance Company, Appellant.

**Interpretation of Foreign Constitution and Statutes.** In the interpretation of the statutes and constitution of a sister state the courts will follow the decisions of the court of last resort of such state.

**Foreign Judgment:** RECOGNITION IN SISTER STATE. Where a court of a sister state acquires jurisdiction over the defendant and subject matter of a suit, and a procedure valid in such state is followed, the judgment will be recognized in other states as binding on the parties thereto.

RULE APPLIED. A Wisconson judgment, entered by the clerk of court, in a default case, on the filing of the summons and complaint and proof of service of summons, and that no answer or demurrer had been filed, as authorized by Revised Statutes Wisconsin, section 2891, is entitled to due recognition in the courts of sister states, as it is a judicial act within the meaning of the constitution of the United States.

**Wisconsin Default Judgment:** VALIDITY. Revised Statutes Wisconsin, section 2891, authorizes the clerk of court to enter judgment of default in an action on contract, for money only, when the plaintiff files with the complaint and summons proof of service of the summons and that no demurrer or answer has been filed. Section 2633 provides that, if a copy of the complaint was not served with the summons, the defendant can obtain one by a demand in writing. A summons was served on November 2, 1888, and was filed with the clerk November 10, 1888. On Dcember 31, 1899, plaintiff filed a complaint and proof of the service of the summons, and proof that no answer or demurrer was filed; and judgment was entered. No copy of complaint was served on defendant. *Held,* that such judgment was valid.

Is CONSTITUTIONAL. Revised Statutes Wisconsin, section 2890, authorizing the clerk of the court to enter judgment in cer-

tain default cases, is not in conflict with the provision of the Wisconsin constitution vesting the judicial power in certain courts, as the judgment is to be treated as rendered by the court.

SAME. In an action on a foreign judgment the court will not inquire whether the original action was by or against all the proper parties.

MOTION TO CHANGE PLACE OF TRIAL TO PROPER COUNTY: *Not essential to validity of judgment.* Where there was no motion made to remove a case commenced in the wrong county in Wisconsin to the proper county, as authorized by Revised Statutes Wisconsin, section 2621, a judgment entered in the county where the suit was brought was valid.

FAILURE TO OBJECT: *Waiver.* Where a judgment was within the facts of the complaint, and a defect of parties was apparent on its face, it was waived by a failure to object.

BEGINNING OF SUIT BY ISSUING SUMMONS: *Statute of limitations.* Under Revised Statutes Wisconsin, section 4240, providing that an attempt to commence an action by delivering a summons to an officer for service shall be equivalent to a commencement thereof within the meaning of the provision of law limiting the time for the commencement of an action, an action on a fire policy which provides that action shall be instituted in six months after loss, is commenced in time when the summons was issued before, but was not served till after the expiration of such time.

LIMITATION BY CONTRACT: *Is matter for defense.* Where a fire policy limits the time for commencing action thereon, it is not necessary that the complaint should allege that it was commenced within such time, as this limitation is a matter of defense.

**Mortgages;** LOSS BY FIRE PAYABLE TO MORTGAGEE. Where a mortgagor and mortgagee had stipulated that the loss payable under a fire policy should go to the mortgagee, judgment in an action thereon should be awarded to the mortgagee.

*Appeal from Polk District Court.*—Hon. T. F. STEVENSON, Judge.

WEDNESDAY, MAY 23, 1900.

ACTION on a judgment rendered in the circuit court of Milwaukee county, Wis. From judgment as prayed the defendant appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* and *C. E. Campbell* for appellant.

*Dudley & Coffin* for appellee.

LADD, J.—The facts out of which this action grew are detailed in *Fred Miller Brewing Co. v. Council Bluffs Ins. Co.*, 95 Iowa, 31, which was followed in reversing judgment for the defendant on the former hearing. *Same v. Capital Insurance Co.*, (* — Iowa), 63 N. W. Rep. 568. Service of the summons on Winchester was · there held to have conferred jurisdiction on the circuit court of Milwaukee county to enter judgment against the defendant. It will be remembered, however, that such service was had in Clark county, of that state, November 2, 1888, and that the summons, with the return of service, was filed with the clerk in Milwaukee county on the tenth of that month. On the thirty-first day of December, 1889, the complaint, duly verified, with the affidavit of plaintiff's attorney, that no answer or demurrer had been received, was presented to the clerk, and judgment thereupon entered. This was in pursuance of section 2891 of the statutes of that state: "Judgment may be had if the defendant fails to answer the complaint as follows: In any action arising on contract for the recovery of money only, the plaintiff may file with the clerk, with the summons and complaint, proof of personal service of the summons on one or more of the defendants, and that no answer or demurrer has been received, or if any such has been received, that the same has been struck out by order of the court or a judge; and that no answer or demurrer has been received, and the time granted by an order therefor has expired. If the complaint be duly verified, the clerk shall thereupon enter judgment for the amount demanded in the complaint, against such defendant or defendants, or against one or more of the several

---

*Not officially published.—REPORTER.

defendants in the case provided for in section 2884." Under the practice statute of Wisconsin the court acquired jurisdiction from the time of service of the summons (section 2626), which, among other things, necessarily designated the postoffice address of plaintiff or its attorney, at which place papers in the case might be served. Section 2630. The statute did not require service of the complaint, but, if this were omitted, the defendant might, within twenty days from the service of the summons, demand a copy thereof, which must be served on him within twenty days thereafter. Section 2633. "The summons must be filed with the clerk, and a state tax on the action of $1 paid, within ten days after the service of an answer or demurrer, or, if no answer or demurrer be served, at the time of applying for judgment." Section 2642. So that the summons, in the absence of an answer or demurrer, was not necessarily filed with the clerk until the time judgment was entered. Nor do these statutes seem to contemplate the filing of a complaint until that time. Provision for copies by the adverse party, rather than information from the court records, as in this state, is made; and it plainly appears from section 2898 requiring that, "the clerk, immediately after entering the judgment, shall attach together and file * * * the summons, pleadings, or copies thereof, proof of service, and that no answer or demurrer has been received," that it is not until then these papers are necessarily filed with him. As the affidavit must show no answer or demurrer to have been received, the inference is clear that the time within which the copy of the complaint may be demanded and an answer or demurrer served must elapse after service of the summons before judgment may be demanded by the complainant, and this, at the most might not exceed forty days. So there is nothing in the contention that relief could be had at any time subsequent to the service of summons. Nor is there any analogy between these statutes and the section of our Code requiring the petition to be on

file ten days before term time. For this reason the presump-
tion cannot be indulged that, in the absence of a statute in
Wisconsin fixing the period during which the complaint shall
be on file with the clerk, the law is like that of this state.
The differences are manifest. Here judgment may not be
entered in vacation except by agreement, nor by the clerk
unless on the order of the court. There the practice favors
the formation of issues in vacation, and also the disposition
of all causes in which a money judgment is the only relief
sought, without the interposition of the judge whenever it
is legally apparent there will be no contest.

II. But it is urged that the action was begun in the
wrong county. True, the summons was served in a county other
than where the judgment was entered. Even though it should
have been commenced in Clark county, under the laws
of Wisconsin, as in Iowa, in the absence of a request
by the defendant for a change of venue it might be
prosecuted to judgment where brought. Section 2621 of
the statute of Wisconsin, in part, reads: "When the county
designated in the summons or complaint in any action is not
the proper place of trial thereof, the defendant may, within
twenty days after the service of the complaint, serve upon
the attorney for the plaintiff a demand in writing that the
trial be had within the proper county, specifying it, unless
there be more than one such county, and a reason therefor.
Within five days after service of such demand the plaintiff's
attorney may serve a written consent that the place of trial
be changed, and specifying to what county, having the option
to name one or two or more, in which it may be properly tria-
ble, and such consent shall change the place of trial accord-
ingly. If the plaintiff's consent be not so served, the defend-
ant may, within twenty days, after the service of his demand,
move to change the place of trial, and shall have costs if his
motion be granted." It is evident that no consent was given or
motion filed, else the judgment would not have been rendered
in Milwaukee county. A situation will not be assumed, in the

absence of proof, to defeat the acts of an officer apparently clothed with authority, and discharging duties imposed upon him by statute. The service of the complaint could not have been more than forty days after that of the summons, and twenty days yet remained during which a motion might have been addressed to the court. But no such motion was included in the judgment roll. We are satisfied that no objection to the venue was interposed.

III. The appellant also contends that in no event might the plaintiff maintain the action. One Maier owned the property insured, and the loss, if any, was made payable to Fred Miller, mortgagee, as his interest might appear. The mortgage had been assigned to the plaintiff before the fire. The complaint alleged these facts, compliance with all the conditions of the policy on the part of the insured, and that the amount due on the mortgage exceeded the face of the policy. In *Hammel v. Insurance Co.,* 50 Wis. 244 (6 N. W. Rep. 805), decided in 1880, the supreme court of Wisconsin held that the mortgagee to whom the loss under an insurance policy was payable as his interest might appear might maintain an action thereon without joining the assured as a party plaintiff. This decision stood unchallenged, save by the dissent therein filed, until 1893, when it was overruled, the court holding that the mortgagee, under such circumstances had not sufficient interest to entitle him to recover. *Williamson v. Insurance Co.,* 86 Wis. 393 (57 N. W. Rep. 920); *Carberry v. Insurance Co.,* 86 Wis. 323 (56 N. W. Rep. 920); *Chandos v. Insurance Co.,* 84 Wis. 184 (54 N. W. Rep. 390). We need not inquire what might have been the outcome had this case been appealed in 1888, on the theory suggested that the personnel of that court had not so changed until 1891 as to remove the majority concurring in *Hammell v. Insurance Co.* in 1880. It is enough to say that until that decision was overruled it was at least a mooted question in that state whether the mortgagee could maintain

an action without joining the assured as party plaintiff, and necessarily to be determined by the trial court. The circuit court of Milwaukee county had acquired jurisdiction of the parties and of the subject-matter, and was, therefore, clothed with the power to determine whether all the parties necessary for the adjudication were before it. If it should be admitted that its conclusion was erroneous, this may not be taken advantage of in a collateral attack. Correction must necessarily have been sought through appeal or other appropriate procedure according to the laws of Wisconsin. The mortgagee was certainly a proper party plaintiff; and, even had the insured been joined, under the allegations of the petition, confessed by default to be true, the judgment must necessarily have been awarded to this plaintiff. Why? Because both had stipulated the loss should be so applied. See *Mershon v. Insurance Co.*, 34 Iowa, 87; *Bartlett v. Insurance Co.*, 77 Iowa, 86; authorities collected in 11 Enc. Pl. & Prac. 395. The judgment was strictly within the facts of the complaint, and the defect of parties, if such there was, patent on its face, and waived by making no objection. *Melick v. Bank*, 52 Iowa, 94; *Hefner v. Insurance Co.*, 123 U. S. 751 (8 Sup. Ct. Rep. 337, 31 L. Ed. 309). To uphold a judgment by default it is not essential that the petition be free from defect. In *Bosch v. Kassing*, 64 Iowa, 312, this court declared "that a defendant may be concluded by a default when the facts stated in the petition do not constitute a good cause of action in law, or when the petition is so defective as to be vulnerable to demurrer." See *Johnson v. Mantz*, 69 Iowa, 710. Judgments beyond the pleadings even have been adjudged erroneous, and not void. *York v. Boardman*, 40 Iowa, 57; *Traer v. Whitman*, 56 Iowa, 443. As stated in an early Ohio case: "The power to hear and determine a cause is jurisdiction; it is *coram judice* whenever a cause is presented that brings this power into action. But, before the power can be affirmed to exist,

it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected." *Sheldon's Lessee v. Newton,* 3 Ohio St. 494; *Spoors v. Coen,* 44 Ohio St. 497 (9 N. E. Rep. 135); *Reed v. City of MuscaFtine,* 104 Iowa, 183; *Lincoln Nat. Bank v. Virgin,* 36 Neb. 735 (55 N. W. Rep. 218). "It is of no avail," remarked Justice Miller in *Cooper v. Reynolds' Lessee,* 10 Wall. 316, 19 L. Ed. 932, "to show that there are errors in the record, unless they be such as to prove that the court had no jurisdiction of the case, or that the judgment rendered was beyond its power." The Wisconsin court acquired jurisdiction to decide who were necessary parties, and the correctness of its conclusions may not be again investigated in this proceeding.

IV. The summons was served October 13, 1888, or more than six months after the fire, which occurred March 30th of that year. It was stipulated in the policy that "no suit or action upon this policy for the recovery of any claim shall be sustainable in any court of law or equity unless commenced within six months next ensuing after the fire." Under the decisions of Wisconsin this period is computed from the time of the fire (*Hart v. Insurance Co.,* 86 Wis. 77 (56 N. W. Rep. 332), and not from the accruing of the right to sue, as in this state (*Read v. Insurance Co.,* 103 Iowa, 310). Something is claimed for section 4240 of the statutes of that state, which provides that "an attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered with the intent that it shall be actually served, to the sheriff or to the proper officer of the county in which defendants, or one of them, usually or last resided." This must be followed by service within sixty days. The attempt to commence the action within six months was proven. *Town of Woodville v. Town of Harrison,* 73 Wis. 360 (41 N. W.

Rep. 527), It is insisted, however, that this statute has reference alone to the rights of parties under the statute of limitations, and that under a special contract limiting the time within which suit must be brought the general rule obtains that "a civil action  *  *  *  shall be commenced by the service of a summons." Section 2629. Such is the holding in this and other states. *Proska v. McCormick*, 56 Iowa, 318; *Insurance Co. v. Hocking*, 130 Pa. Sup. 170 (18 Atl. Rep. 614); *McElroy v. Insurance Co.*, 48 Kan. Sup. 200 (29 Pac. Rep. 478). But it was unnecessary to aver in the petition that the summons was served within the period fixed. That must necessarily be determined from an inspection of the return of service and proof of the date of the fire. The limitation in this contract, like that of the statute, does not affect the liability, but relates solely to its enforcement. While a part of the contract, it has sole reference to the remedy, and, like the statutory limitations, when interposed as a defense, is in the nature of a plea in confession and avoidance. That it may be waived is well settled (*Garretson v. Insurance Co.*, 65 Iowa, 468; *Horst v. Insurance Co.*, 73 Tex.. Sup. 67, 11 S. W. Rep. 148; *Martin v. Insurance Co.*, 44 N. J. Law, 485), and excuses may exist for not bringing suit within the time stipulated (*Semmes v. Insurance Co.*, 13 Wall. 159 (20 L. Ed. 490); *Killips v. Insurance Co.*, 28 Wis. 472; *Day v. Insurance Co.*, 81 Me. 244 (16 Atl. Rep. 894). We refer to these authorities to show that reasons exist for requiring the limitation by contract to be set up as an affirmative defense quite as strong as in the case of limitations by statute; as essential in order to enable the plaintiff in the one case to obviate the limitation in a contract by proof of waiver or excuse as in the other to bring himself within some exception of the statute. While the point has never been determined in this state, an examination of the cases discloses the uniform practice of the defendant interposing the plea. We deem it an affirmative defense, available to the defendant

as a personal privilege, and waived by permitting default to be entered. *Insurance Co. v. Fish,* 71 Ill. 620; 4 Joyce, Insurance, section 3223; *Barber v. Insurance Co.,* 16 W. Va. 658.

V. Again, the appellant asserts that the statutes of Wisconsin authorizing the clerk of court to enter judgment in vacation is in contravention of the constitution of that state vesting the judicial power in certain enumerated courts. That question was set at rest in the early case of *Wells v. Morton,* 10 Wis. 468, though by a divided court, and for nearly forty years the practice has been unchallenged. The conclusion reached was that "the judgment, though in fact entered by the clerk, is, in consideration of law, what it purports on its face to be, the act and determination of the court." On the same theory a judgment entered on confession has been adjudged valid in this state. "Though entered by the clerk, it is not to be treated as a judgment rendered by him, but by the court, and is subject to revision in this court in the same manner as any other judgment of the district court." *Edgar v. Greer,* 7 Iowa, 138; *Grattan v. Matteson,* 54 Iowa, 232; *Kendig v. Marble,* 58 Iowa, 529; *Risser v. Martin,* 86 Iowa, 396. The construction given its statutes and the interpretation of its constitution by the highest court of a state will, under all ordinary circumstances, be followed by the courts of a sister commonwealth. *Glos v. Sankey,* 148 Ill. 555 (36 N. E. Rep. 631, 23 L. R. A. 665); *Hunt v. Hunt,* 72 N. Y. 217; *Gilchrist v. Land Co.,* 21 W. Va. 115; *Burgess v. Seligman,* 107 U. S. 20 (2 Sup. Ct. Rep. 10, 27 L. Ed. 359); *Bucher v. Railway Co.,* 125 U. S. 555 (8 Sup. Ct. Rep. 974, 31 L. Ed. 795); *Goodnow v. Wells,* 67 Iowa, 654. This is especially true with respect to the practice in courts, for the vital inquiry is not whether a mistake has been made in construction or interpretation, but whether, under the law as there administered, a valid judgment was rendered. Under the constitution of the United States and the acts of

congress the records and judicial proceedings of Wisconsin, when properly authenticated, 'are entitled to such' faith and credit in this state "as they have by the law or usage in the courts of the state from whence the said records are or shall be taken." The supreme court of the United States, in *Pennoyer v. Neff*, 95 U. S. 714 (24 L. Ed. 565), after exhaustive consideration of the matter, said: "In the earlier cases it was supposed that the act gave to all judgments the same effect in other states that they had in the state where rendered, but this view was afterwards qualified so as to make the act applicable only when the court rendering the judgment had jurisdiction of the parties and of the subject-matter, and not to preclude an inquiry into the jurisdiction of the court in which the judgment was rendered, or the right of the state itself to exercise authority over the person or the subject-matter." See, also, *Machine Co. v. Radcliffe,* 137 U. S. 287 (11 Sup. Ct. Rep. 92, 34 L. Ed. 670); *Hilton v. Guyot,* 159 U. S. 113 (16 Sup. Ct. Rep. 139, 40 L. Ed. 95). The circuit court of Wisconsin having acquired jurisdiction over the defendant and the subject-matter, the procedure peculiar to that state, if valid there, must be recognized as binding on the parties here. Such was our conclusion in *Greasons v. Davis,* 9 Iowa, 219, where transcripts of judgments rendered by a prothonotary in Pennsylvania in accordance with the usages of that state were held entitled to full faith and credit in Iowa, although not conforming to the practice in this state. See, also, *Taylor v. Runyan,* 3 Iowa, 474; *Crafts v. Clark,* 31 Iowa, 77; *Kingman v. Doane,* 31 Iowa, 400; *Clemmer v. Cooper,* 24 Iowa, 185; *Pollard v. Baldwin,* 22 Iowa, 332.

VI. Lastly, it is said the proceedings had before the clerk were not judicial in character, and for this reason the judgment rendered is not within the provisions of the constitution of the United States, nor entitled to recognition as such under the law of nations. The practice of allowing clerks and prothonotaries to enter

judgments by default and on confession in vacation without direction of court ,or judge is of very ancient origin, dating back to near the time when written were substituted for oral pleadings. It now prevails in many states, where judgments so rendered are treated as those ordered by the court. They are subject to correction on appeal or by motion, and until corrected are as much a verity as though the court had rendered them. *McConkey v. McCrankey,* 71 Wis. 576 (37 N. W. Rep. 822). As already observed, the judgment is, under *Wells v. Morton, supra,* "in consideration of law, what it purports to be on its face, the act and determination of the court." In *Kipp v. Fullerton,* 4 Minn. 473, in speaking of a judgment entered by the clerk, the court said: "I can see no difference as to the effect of a judgment whether it be rendered directly by the court itself or indirectly through its clerk. In either case it is the judgment of the court; otherwise, a judgment entered by the clerk is a mere nullity, for under our constitution he is vested with no judicial power. We must, therefore, presume, when the clerk is authorized to act in such capacity, that his action is the action of the court, and that in such instance he merely enters in form the inevitable sentence or decision of the law, resulting from certain ascertained facts." To the same effect, see: *Henrich v. Englund,* 34 Minn. 395 (26 N. W. Rep. 122); *Crawford v. Beard,* 12 Or. 447 (8 Pac. Rep. 537); *Bond v. Pacheco,* 30 Cal. 530; *Tool Co. v. Prader,* 32 Cal. 634 '(91 Am. Dec. 598); 2 Freeman Judgment, section 575. The authorities holding that a judgment of a state court having jurisdiction of the parties and subject-matter should have the same credit, validity, and effect in every other court in the United States as it had in the state where it was pronounced are very numerous, and without conflict. This judgment was valid, as we have seen, in Wisconsin, and under this rule must be so regarded in this state. It is not important to inquire what was the character of the clerk's acts,—whether purely ministerial or in part judicial. Full opportunity for the

correction of any error was afforded under the practice of that state, and the defendant ought not to be permitted to avail itself of any there may have been to defeat an action on a judgment which might be enforced against its property if found there. In *McLaren v. Kehler,* 23 La. Ann. 80 (8 Am. Rep. 592),—a similar action,—the court concluded that: "If the judgment is conclusive in Wisconsin, it is equally conclusive in Louisiana.. The courts of this state are estopped from all inquiry into its correctness, and are precluded from considering issues." *French v. Pease,* 10 Kan. 53; *Swift v. Stark,* 2 Or. 97 (88 Am. Dec. 463); *Cook v. Thornhill,* 13 Tex. 293 (65 Am. Dec. 63. Such has been the conclusion in other states with respect to judgments entered by clerks. *Coleman v. Waters,* 13 W. Va. 278; *Taylor v. Smith* (Tenn. Ch. App.) 36 S. W. Rep. 970; *Knapp v. Abell,* 10 Allen, 485. *Greasons v. Davis,* 9 Iowa, 219, is decisive of the question. As the judgment is valid in Wisconsin, under the acts of congress, it must be so regarded here. —AFFIRMED.