SACKETT, BELCHER & CO. v. PARTRIDGE & COOK.

The facts alleged in an affidavit or petition for an attachment, cannot be controverted, and an issue raised thereon, in the principal suit.

Such issues can be made only in an action on the attachment bond.

The fact that the plaintiff has not recovered the whole of the claim for which suit was brought, affords no ground for quashing an attachment *pro tanto*.

In a suit commenced by attachment, where issue is taken on the facts alleged in the petition as a ground for the attachment, the allegations set forth in other petitions for attachments against the same defendants, and in which

Sackett, Belcher & Co. v. Partridge & Cook.

suits, judgments have been rendered by default, are not admissible in evidence, to prove the facts alleged in such petition.

*Appeal from the Linn District Court.*

THIS action was brought upon a bill of exchange, drawn by the defendants, for $500, on the 16th of September, 1856, and protested, and upon an open account for goods and merchandise, sold and delivered the defendants, to the amount of $1,128.18. The petition embraces a prayer for an attachment, based upon the allegation and affidavit, that "the defendants have property, goods, moneys, lands, choses in action, and merchandise, which they refuse to give either in payment or security of said claims."

The pleadings in their several natures, are as follows: First. There is a motion, (in substance), to quash the attachment, for want of a sufficient bond, because the attorneys who signed the name of the principal, had no authority so to do, and because the surety is a partnership, whose name was signed by one of the partners, without the knowledge and consent of the other. Secondly. A plea in abatement to a part of the cause of action, upon the alleged ground that $1,102.42 of the account were not due when the action was commenced, the goods to that amount having been sold to defendants on a credit of four months, and the action having been brought within one month after the sale. This is accompanied by a prayer that a corresponding proportion of the goods attached, be released. Third. There is an issue taken on the affidavit for attachment. And the fourth branch of the answer is a set-off of a claim for damages on the attachment bond, for the wrongful suing out of the attachment. Issues are taken on all these pleadings and motions, without distinction. The defendant afterwards, with leave of the court, withdrew his set-off. The cause was tried by the court, who find for the plaintiff on the bill of exchange and one item of the account, and on the balance of the account, ($1,102.42), order that "all the proceedings be quashed and abated, without prejudice."

In order to prove that the defendants had property, &c.,

Sackett, Belcher & Co. v. Partridge & Cook.

the plaintiffs were permitted to introduce in evidence, a portion of the affidavit for attachment in a suit brought by Converse, Todd & Co., against these defendants, which was before then pending in that court. The part of the affidavit so offered, was in these words : " Your petitioners further state, that the said defendants are about fraudulently to dispose of their property with intent to defraud their creditors." And also were permitted to introduce a portion, of like import, from a similar affidavit in a suit commenced by attachment, in favor of Fiske & Elliott, against the same defendants, in both of which suits a default had been entered. The defendants appeal.

*Isbell, Hubbard & Stephens,* for the appellants.

*Whittam & Belt,* for the appellees.

WOODWARD, J.—It is not the practice of this court to anticipate questions, nor to decide any, which are not made by the parties in the cause. But it sometimes occurs, that a question not made in a case, stands preliminary to those which are raised, and which it becomes necessary to dispose of, or to assume, one way or another. Thus, the question whether the averment of facts requisite to obtain an attachment, may be controverted, and an issue be taken on them in the principal suit, has an unavoidable bearing on the points raised in the present cause. This court has not recognized the doctrine, that such an issue may be made in the principal suit. Such was once the law by express provision, but that statute has long been repealed, and the general and the better opinion now is, that such issues can be made only in an action on the attachment bond. Whether it can be done by set-off, is not now determined.

It was clearly an error to admit the petitions in the other cases in evidence. As evidence, the statements are but the hearsay of a third person, as an affidavit—have but an indefinite and uncertain foundation—and in the suit in which it is filed, it does but give the right to a writ of attachment. It

proves nothing, and still less does it prove anything in another action.  This is the first error assigned.

But although there be error here, it is immaterial.  This was in an issue on the attachment affidavit.  It constituted no part of the defence to the action, and such an issue could not be made and tried in the principal suit; neither the issue, the evidence, nor the decision upon it, affected the question of the plaintiff's recovery.  But another, and a conclusive objection to the admission of this evidence is, that both the actions offered in evidence, were commenced after the present one; the one being instituted on the 21st, and the other on the 27th of October, 1856, whilst the present one was begun on the 18th of the same month.

The second error assigned, is upon the refusal of the court "to order that so much of the goods as were attached to secure the sum of $1,102.42, which the plaintiff failed to recover, should be released from the attachment."  The defendant moved that such an order be made on the rendition of the judgment, which was refused by the court.  Although the court does not find for the plaintiff on that portion of his claim, yet it does not find that the action was commenced before this part of the account became due.  Such may have been the case, but the court does not say so.  The account is one, the items stand alike, and the court does not state why he found for the plaintiff on one item, and ordered the remainder to be quashed and abated, without prejudice.  And the mere fact that the plaintiff does not recover on the whole of the claim sued, is not considered a ground for quashing the attachment *pro tanto*.  Such a practice would be inconvenient, and perhaps impracticable.  And again, when a cause has arrived at the period of a judgment, it is comparatively immaterial whether the attachment stands for the whole or a part only.  We do not think there was error in this.

The third and last error assigned, is upon the overruling the defendant's motion in arrest of judgment.  This motion was to arrest the judgment, "so far as it sustains any portion of the attachment."  A motion may clearly be made to

dissolve or set aside an attachment, but we have before indicated, that an issue cannot be taken upon it, to be tried in the main action. This motion aims at the latter state of things. For this, if for no other reason, the motion should not have been sustained, as it was not. And viewing this as a motion only, it falls under what has been said upon the second assignment. Therefore, in the opinion of this court, there was no error in the judgment of the District Court, and the same is affirmed.