### ANDRUS v. CLARK.

Where an action was commenced in December, 1857, on two promissory notes, returnable to the February term, 1858, of the district court; and where at the said February term, the cause was continued to the ensuing May term; and where at the said May term, the defendant was called, and his default entered, and the cause continued to the September term, for final judgment; and where on the day following that on which the default was entered, the defendant moved to set aside the default, which motion was supported by an affidavit, stating that defendant "did not apprehend that the cause would be upon the docket for that (the May) term; that notice was served upon him to appear at the February term; that he supposed another notice was necessary in order to get the causes before the court at that (the May) term; and that he had a good defense, stating it, which motion was overruled; and where at the September term, it was renewed under a motion for a rehearing, and at the same time the defendant asked leave to file an answer, which he exhibited to the court, which motion was overruled, and the court refused to allow the answer to be filed; *Held*, That there was no error in the proceeding of the court.

_Appeal from the Pottawatamie District Court._

THURSDAY, JUNE 9.

ACTION on two promissory notes. The suit was commenced in December, 1857, returnable to the February term, 1858, and attachment was sued out under the act of 1853. The cause appears to have been continued at the February term, and at the May term, the defendant was called and a judgment of default entered, and the cause continued to the September term, for final judgment, under the act of 22d of March, 1858.

On the day following the default, the defendant filed a motion, supported by affidavit, asking that the default be set aside. The affidavit states that defendant " did not apprehend that the cause would be upon the docket for that (the May) term ; that notice was served upon him to appear at the February term; and that he supposed another notice was necessary in order to get the cause before the court at that (the May) term." He further states that he had a good defense; that he held a receipt given by the plaintiff for a gold watch, worth over $100, to secure one of the notes sued upon; and that he has other defenses. A copy of the receipt referred to, is set forth, which acknowledges the receipt of the watch as security, and states that it is to be returned when the note is paid. This motion was overruled. At the September term it was renewed, under a motion for a rehearing of the same, and the defendant further asked leave to file an answer, which he then had prepared, and exhibited to the court. The answer, _first_, denies generally all the allegations of the petition ; and, _second_, denies the truth of the averments in the affidavit for the attachment. The court overruled the motion for a rehearing, and for leave to file the answer. This is the matter assigned as error.

_Cassady & Test_, for the appellant.

_Frank Street_, for the appellee.

Woodward, J.—There was no error in the decision of the court. The defendant had had one continuance at the February term, and he offers no adequate excuse for his default at the May term. Nor does he show a substantial defense. A part of this answer takes issue on the affidavit for attachment, which is not permissible in this action, as has been several times ruled. *Sackett et al.* v. *Partridge et al.*, 4 Iowa, 416; *Sample* v. *Griffith*, 5 Iowa, 377.

The other portion of his answer is a general denial, which is contradicted by his affidavit, showing that his watch was pledged as security for one of the notes. And further, this matter would not constitute a defense, as the watch was taken as security only, and not as payment, and was to be restored when the note was paid. If not so restored, it may give him a right of action in that respect, but the matter forms no defense to the present suit.

The judgment of the district court is affirmed.