McLaren v. Hall *et al.*

| 26 | 297 |
|----|-----|
| 79 | 308 |
| 25 | 297 |
| 82 | 759 |
| 26 | 297 |
| 91 | 467 |
| 26 | 297 |
| 113 | 145 |
| 26 | 297 |
| 119 | 297 |
| 26 | 297 |
| 131 | 451 |
| 26 | 297 |
| f132 | 435 |

1. Attachment: MOTION TO DISCHARGE ATTACHED PROPERTY. In order to justify the discharge of attached property under § 3239 of the Revision, on the ground that it is exempt from the levy, the case should be made clear and satisfactory.

2. Payment: BY NOTE. The acceptance of a promissory note for the amount of an account, will not operate as a satisfaction of the account unless so received.

3. Pleading: DEMURRER: WAIVER. An error in overruling a demurrer to a petition is waived by the defendants pleading over.

4. Attachment: CAUSE CANNOT BE PUT IN ISSUE. The defendant in an attachment proceeding cannot, in the main action, put in issue, as a mere defense, the truth of the cause alleged for the attachment.

5. Husband and wife: PRINCIPAL AND AGENT. The husband may act as the agent of the wife, but in order to bind her he must previously be authorized to so act, or she must with express or implied knowledge of his act subsequently ratify it.

McLaren v. Hall.

6. —— The evidence necessary to establish a ratification by the wife of a contract made by the husband as her agent, must be of a stronger and more satisfactory character than that required to establish a ratification by the husband of the act of the wife as his agent, or than as between third parties.

*Appeal from Dubuque District Court.*

WEDNESDAY, JANUARY 27.

ACTION upon an account for work and labor, and materials furnished. The plaintiff by his petition claims that on the 12th day of January, 1866, the plaintiff entered into a parol contract with both defendants to do certain work and furnish certain materials in repairing, etc., a certain dwelling-house then recently purchased by the defendant Sarah G. Hall; that he did the work, etc., amounting to $606.20, and thereon the defendant William Hall paid plaintiff in three different payments the aggregate of $303.63, leaving a balance due of $302.57; that plaintiff failing to collect his claim in July, 1867, agreed to a further delay of sixty days and received the promissory note of the defendant William Hall for $300, dated July 6, 1867, at sixty days, bearing eight per cent interest till paid; and that William Hall paid thereon fifty dollars on the 2d day of September, 1867; and plaintiff further states that defendants are about to remove permanently out of the State, and refuse to pay or secure the debt. Wherefore he asks for an attachment and for judgment, etc. The writ of attachment was levied on the property upon which the work was done.

The defendant Sarah G. Hall moved to discharge the property attached, because it was admitted to be the property of the said defendant Sarah G. Hall; and because the petition showed that the plaintiff had accepted the note of William Hall in payment of the claim sued on;

and further, because the attached property was the homestead of the defendants and exempted from levy and sale. This motion was supported by the affidavits of the two defendants, showing the facts upon which they claimed the homestead exemption. This motion was overruled and the defendants excepted.

The defendants then demurred to the petition because it stated facts which avoided the cause of action, in that it stated that the note of William Hall was received in satisfaction of the account sued on. This demurrer was also overruled and the defendants excepted.

The defendant Sarah G. Hall then filed her answer: first, in denial; second, denying that Sarah G. Hall was party to any such contract, but averring that William Hall made the same for himself only; third, admitting that she was the owner of the premises on which the work was done, and setting up that it was her homestead; fourth, averring that the defendants were husband and wife, and had been for more than five years; fifth, admitting that plaintiff did the work, etc., but averring that it was at the instance of William Hall, and not by virtue of any agreement with the defendant Sarah; sixth, admitting the payments on work as stated in the petition, and that the value of the work was as charged for; seventh, admitting that William Hall gave his note, but denying that it was in accordance with any agreement with the defendant Sarah; eighth, denying that she was about to remove permanently out of the State as alleged in the petition. The plaintiff moved to strike out the third and eighth paragraphs of the answer, which motion was sustained, and the defendants excepted.

The cause was then tried to a jury, and resulted in a verdict for the plaintiff against both defendants for the amount claimed. Exceptions were taken to the giving, refusing and modifying of instructions, as shown in the

opinion. A motion for a new trial being overruled, the defendant Sarah G. Hall appeals.

*Roberts & Fouke* for the appellant.

*Beach & Gray* for the appellee.

COLE, J.—I. The first error assigned is, the overruling of defendant's motion to discharge the attached property. Our statute authorizing such motion is as follows (Rev. § 3239): "A motion may be made to discharge the attachment, or any part thereof, at any time before trial, for insufficiency of statement of cause thereof, or for other cause making it apparent of record that the writ should not have issued, or should not have been levied on all or on some part of the property held." The affidavits filed in support of the motion tended to show that the writ of attachment should not have been levied on the homestead, because it was exempt from levy. Rev. §§ 2277, 3305. But in order to justify the discharge of property on a motion of this kind, so summary in its character, the case should be made clear and entirely satisfactory; otherwise the party should be left to the other and ordinary means, by the proper action, for testing the liability of the property levied upon, to be seized under the writ. In this case the affidavits leave it uncertain whether the homestead was actually occupied as such prior to the time the debt sued on was incurred. If the debt was contracted prior to the acquisition of the homestead, it would be liable to levy. Rev. § 2281. Since the defendant did not show a clear right to have the property discharged, there was no error in overruling the motion.

1. ATTACH-MENT : motion to discharge attached property.

II. It is next assigned as error, that the court overruled the demurrer to the petition. There are two answers to

McLaren v. Hall.

2. PAYMENT: by note. this assignment, either of which is sufficient. In the first place, the petition does not state that the note of William Hall, was received in *satisfaction* of the account sued on. Unless so received, it would constitute no bar to this action on the account. There 3. PLEADING: demurrer: waiver. was, therefore, no error in overruling the demurrer; and, secondly, if there had been error, it was waived by pleading over, as the defendant did in this case.

III. Nor was there any error in striking out the third and eighth counts of the answer. The question whether 4. ATTACH-MENT: cause cannot be put in issue. the property upon which the work was done, was the homestead of the defendant, or not, had nothing to do with the claim of the plaintiff for compensation for his work; he made no claim in his petition, for a lien, or other right to the property; its description was inserted for indentifying the work sued for. Nor could the defendant raise an issue by way of defense, for trial in the main action, upon the grounds stated in the petition for an attachment. This has been frequently determined by this court. *Burrows, etc.*, v. *Lehndorff*, 8 Iowa, 96, and cases cited; see also Rev. § 3238.

IV. The remaining questions in the case arise upon the instructions. As some argument is made upon the 5. HUSBAND AND WIFE: principal and agent. pertinency of the instructions to the evidence, we state as briefly as practicable, the substance of the entire evidence. There were but two witnesses,— the plaintiff, and the defendant Sarah G. Hall. The plaintiff testified as follows: "I made an agreement with Dr. William Hall, one of the defendants, to do some work on the property mentioned in the petition. Dr. Hall stated to me, that he had bought the property for his wife, and that they wanted some alterations made in the house. * * * There were some

alterations made at the suggestion of Mrs. Hall, which increased the expenses. Both doctor and Mrs. Hall directed these things to be done. Both made suggestions when they called; she was particularly pleased with portions of the work; don't know whether Dr. Hall was present or not, when Mrs. Hall made suggestions; Mrs. Hall called at the shop several times, to urge us to complete the work; did not see Mrs. Hall before I commenced work; it was when she happened there after that, that she made the suggestions; when I got the doctor's note she was present and participated in the conversation; I have sought payment of Dr. Hall, and he has paid all that has been paid; after we commenced work we were stopped by Dr. Hall, until he said he could consult his wife about the size of the kitchen, and so in other matters; I did not see her then; after they moved into the house I saw her every day we worked there; we then had the porch to finish, and the rear part to plaster; it was while we were at work on the porch that she called at the shop."

The defendant Sarah G. Hall testified as follows: "I am one of the defendants and am wife of the other defendant, Wm. Hall; the property mentioned in the petition belongs to me; I never employed the defendant to do the work; I never authorized my husband to have the work done; all the contract that was made and all the work done was done at the instance of my husband; I never gave any directions in reference to the work except as to location of pantry and the shelves in it; when my husband was going to be absent, he would tell me, if the workmen got along to such a part of it to tell them what next to do; they were his directions; the times that Mr. McLaren speaks of my calling at the shop was when they were at work on the porch; they would leave the work for days, and leave tools and lumber lying around the yard, and as

I went down town I stopped and told him I wished he would get the work finished as I did not like to have the lumber lying around the yard; I never did any business or meddled with the manner of my husband's doing his business; I did not consider it was my duty or right to; I never agreed to give my husband's note at sixty days in settlement of the matter; I did not contract the debt and it was not for me to pay; when he took the note he did not talk with me about the work or its payment; as my husband stepped into another room, plaintiff spoke to me about my sick child, in the room with us, but nothing about the work or his pay ; he never asked me for pay." This is in substance all the evidence, and thereon the court instructed the jury as follows:

1. If the jury believed that Dr. Hall acted as the agent of Mrs. Hall in making the contract for certain improvements to be made on the premises belonging to Mrs. Hall, and that she adopted the contract, she is liable for the work done under it.

2. In determining whether Mrs. Hall adopted the contract, it will be proper to consider whether she gave any directions in carrying out the contract and in accepting the work after it was done.

3. The mere declaration of a person that he is an agent is not alone evidence of such agency, but may be taken in connection with acts on the part of the principal, showing that she accepted work done under such contract; and with such acts is evidence of such agency.

4. If a person makes a contract holding himself out to be an agent of another, and if that other adopts and accepts that done under such contract, she ratifies the contract and becomes liable therefor.

It may be remarked, in the first place, in relation to these instructions, that there is no evidence upon which they could properly be given. The plaintiff himself does

not, in his testimony, state or even intimate, that he made the contract with Dr. Hall as agent for his wife, the defendant Sarah G. Hall; or that Dr. Hall professed to act as her agent, or to have any authority so to do. All that he does state bearing upon it in any way, is, that he made the agreement with Dr. Hall to do some work on the house the Doctor said he had bought for his wife, and that they wanted some alterations made. The jury would not be authorized to find from this evidence that Dr. Hall was acting or professing to act as the agent of his wife. Hence, the first part of the first instruction, to wit, if the jury believe that Dr. Hall acted as the agent of Mrs. Hall in making the contract, was not justified by the evidence, and for this reason the instruction should not have been given.

As to the second instruction, it is vulnerable to the further objection, that it ignores the necessity of any knowledge of the contract on the part of Mrs. Hall. It is very clear that Mrs. Hall ought not to be bound by an implied adoption of a contract, without some proof that she had a knowledge of the contract she is charged with adopting. And this is especially so in this case, where the acts by which she is sought to be charged, do not imply such knowledge; for they are as consistent with the fact that there was no contract at all, as that there was; and they are quite as consistent with the idea that the work was being done by contract with the husband on his own account, as by contract with him as agent for her.

And the third instruction is even still more objectionable, for that, it makes the wife liable simply because she *accepted* the work done under the contract. Where work done upon the real estate of another becomes part of such real estate as the work progresses, the owner cannot do otherwise than *accept* it. Such an acceptance from

McLaren v. Hall.

necessity, cannot properly be relied upon as evidence showing a contract. This third instruction, then, makes the "declaration of a person that he is an agent," when there is no testimony whatever in the case of any such declaration, together with the fact of acceptance, when the party could not possibly avoid an acceptance, evidence sufficient to bind the defendant Sarah G. Hall. That this is error, is too manifest to need further illustration. And what has already been said, sufficiently disposes of the fourth instruction, as well as the modification made by the court to the defendant's instruction. For these reasons the judgment must be reversed. But, since there is to be another trial of the cause, it is proper for us to state the rules of law applicable thereto.

The husband may act as agent for the wife. In order to bind her, however, he must be previously authorized to act as her agent, or she must subsequently, with express or implied knowledge of his act, ratify it. The evidence necessary to establish a ratification by the wife, of a contract made by her husband as her agent, must be of a stronger and more satisfactory character than that required to establish a ratification by the husband of the act of the wife as his agent, or than as between independent parties. And this for the reason that, (in the general experience of the past, at least, if not in the philosophy of the present), the wife is under the control of, and subordinate to, the husband; and neither good law nor sound reason will require the wife to destroy the peace of her family and endanger the marriage relation by open repudiation or hostile conduct toward her husband, in order to save her property from liability for his unauthorized contracts. Of course it is necessary in every case, in order to bind her, that he should at least claim to act as her agent; and her ratification should be shown by those unmistakable acts or declarations which

evince a knowledge of the contract by which she is sought to be bound, and an intention to adopt or ratify it as her own.

Of course, we need not and do not herein pass upon the rights of the plaintiff, whatever they may be, to enforce *in equity* his claim against the property of the wife benefited by his labor and materials. *Greenough* v. *Wigginton*, 2 G. Greene, 435; *Patton* v. *Kinsman*, 17 Iowa, 429; *Jones* v. *Crosthwaite*, 17 Iowa, 393; *Johnson County* v. *Rugg*, 18 id. 138.

Reversed.