## STURMAN V. STONE.

1. Pleading: OWNERSHIP OF PROPERTY. A petition in an action for the value of personal property alleged to have been converted by defendant to his own use, which avers that "defendant had in his possession and under his control" the property, etc., "owned by the petitioner," is sufficiently specific as alleging ownership of the property in plaintiff.

2. Attachment: CIRCUIT COURT: TORTS. The law regulating the issuing of attachments in cases of torts applies to the circuit courts and the judges thereof, as well as to the district courts and judges.

3. —— CAUSES CANNOT BE PUT IN ISSUE. A motion to dissolve an attachment cannot be aided by affidavits showing that the statements of cause for the attachment were not true. No issue can be joined in the principal suit on the averment of facts on which the writ was issued.

*Appeal from Dallas Circuit Court.*

SATURDAY, JANUARY 28.

ACTION for money, hardware, etc., belonging to plaintiff and held by defendant in his possession and control, and by him wrongfully appropriated and converted to his own use. The petition asked an attachment, and an order was indorsed thereon by the circuit judge, allowing property to the amount in value of $3,000 to be attached thereon. The defendant moved for a more specific statement of the cause of action in the petition, and also to dissolve the attachment. Both motions were overruled, and defendant appeals.

*J. S. McCaughan* and *V. Wainwright* for the appellant.

*John Leonard* and *Eli Wilkin* for the appellee.

COLE, J. — I. The plaintiff, in his petition, averred in substance, briefly stated, that, from the 15th of August to

Sturman v. Stone.

1. PLEADING: December 1, 1869, at Sioux City, Iowa, ownership of property. defendant had in his possession, and under his control, $5,000 in money and $10,000 in hardware, tinware, stoves, etc., of the money and property owned by petitioner, and received of and from divers other persons for the use and benefit of petitioner, which he promised to account for when requested; but that he wrongfully took and appropriated and converted to his own use an amount to the worth and value of $5,000, for which plaintiff asks judgment. The petition also alleged, as cause for attachment, that defendant was about to dispose of or remove his property out of the State, etc., and asked for a writ of attachment. An order was indorsed on the petition, by the circuit judge, that $3,000 in value, of property, might be attached.

The defendant moved for a more specific statement of the petition, so that it should show what part of the property belonged to plaintiff and what to others, and each of them, and their names; what kind of property; the facts showing plaintiff's right to the use and benefit; the amount of money belonging to plaintiff and each of the others; and what share of each defendant had converted to his own use, etc. This motion was overruled, and the same is assigned as the first error.

As we construe the language of the petition it amounts to an averment of ownership by plaintiff of the property and money sued for, though defendant received it from others; and hence there was no occasion to state specifically what part belonged to others, etc., as moved for. Nor was it necessary to state the facts showing plaintiff's right to the use and benefit of the property, any more than it is necessary to state the facts showing the plaintiff's title when he avers absolute ownership in himself of personal property generally; and so of each matter contained in the motion. There was no error, therefore, in overruling it.

Sturman v. Stone.

II. The court was asked to dissolve the attachment, because the action was brought in the circuit court for a tort, and the allowance of the amount of prop-

*2. Attach-ment: circuit courts: torts.* erty to be attached was made by a circuit judge, — the appellant's counsel claiming, in a well-put and perspicuous argument, that no attachment for a claim in *tort* can issue except in the district court. Without deciding or conceding that this action is for a tort, or that plaintiff, by obtaining an order of allowance of the amount of property to be attached, is estopped from denying that it is, we will dispose of the points made by counsel. It is provided by Revision, section 3177, that "if the demand is not founded on contract, the original petition must be presented to some judge of the supreme or district court, or the judge of the county court, who shall make an allowance thereon of the amount in value of the property that may be attached. The provisions of this section apply only to cases in the district court." The jurisdiction or authority to issue writs of attachment is not given or conferred by this section. That jurisdiction is given in full and generally, by a preceding section, 3172, where it is provided that a plaintiff, in a civil action, may cause any property of the defendant to be attached, etc. Section 3175 regulates the manner in which attachments in cases of contract shall issue; and section 3177, *supra*, regulates the manner in cases of tort, but limits this regulation to cases in the district court. So that, without more, no order of allowance, etc., would be required in cases before justices of the peace or in the circuit court. By section 2 of chapter 161 of the Laws of 1870, however, the words "and circuit court" are added to section 3177, copied *supra*.

But, aside from this view, we should have no difficulty in holding that the section applied to cases in the circuit courts, and that circuit judges had authority to make the order of allowance, etc.; and this, under sections 4, 8 and

9 of the circuit court law (chap. 86 of Laws of 1868), which confers upon the circuit courts concurrent jurisdiction with the district courts in all civil actions at law; and upon the circuit judges the same powers out of court in regard to writs that the district judges have; and make all statutes, respecting the process and practice of the district courts, applicable to the circuit courts, etc.

III. The defendant also grounded his motion to dissolve the attachment upon certain affidavits filed by him, showing that the cause for attachment, as stated by the plaintiff in his petition, was not true — that it had no existence in fact. This was also overruled and such ruling is assigned as error. It is probable, as stated by appellant's counsel, that this precise phase of the question has never been *decided* by this court. But we could not reverse the ruling of the district court in this case without substantially reversing also several previous rulings of this court. For instance, in the case of *Sackett et al.* v. *Patridge et al.*, 4 Iowa, 416, where the plaintiff in his answer took issue upon facts alleged for a writ of attachment, the court said, per WOODWARD, J.: " Such was once the law by express provision, but that statute has long been repealed, and the general and better opinion now is, that such issues *can be made only in an action on the attachment bond.*" In *Veiths* v. *Hagge*, 8 Iowa, 163 (i. e.) 193, WRIGHT, Ch. J., says: " It has been held by this court that *no issue can be joined* in the principal suit on the averment of facts contained in the affidavit on which the writ issues." See, also, *Berry* v. *Gravel*, 11 Iowa, 136, and authorities there cited. · The statute itself provides that " the fact stated as a cause of attachment shall not be contested in the action by a mere defense. The defendant's remedy shall be on the bond," etc. Rev., § 3238. The case of *McLaren* v. *Hall*, 26 Iowa, 297, is not in conflict with the previous cases cited *supra*.

Affirmed.