## CRAMER v. WHITE.

1. **Practice :** EXCEPTIONS. An oral exception to an order or decision is sufficient, where such decision is entered of record, and the grounds of exception appear in the entry at the end of the decision.

2. **Attachment:** DISCHARGE OF PROPERTY : AMENDMENT. Where in an attachment proceeding the special verdict of the jury shows, that, at the time the action was commenced and the attachment issued, no cause of action had accrued to the plaintiff, the defendant is entitled, on motion, to have the attached property discharged.

3. —— An amendment filed after the cause of action accrued, alleging the same and asking judgment and a sale of the attached property, is insufficient to sustain the original writ.

*Appeal from Monroe Circuit Court.*

THURSDAY, AUGUST 4.

THE substance of the petition, filed April 24, 1869, and which asked an attachment, was, that certain creditors had obtained a judgment against the plaintiff and defendant, upon an account which defendant had agreed with plaintiff to pay ; that plaintiff, to prevent an execution from issuing, had stayed said judgment, and that there was due plaintiff from defendant thereon the sum of $214, for which he asks judgment. Defendant moved to dissolve the attachment, because, by the petition, it appears that plaintiff did not have a right of action for as much as five dollars, or any thing else but nominal damages.

This was overruled September 21, 1869 ; plaintiff filed a supplemental petition, showing that on the eleventh of that month he paid the judgment so recovered, to wit : the sum of, etc., wherefore he says he has been damaged and prays judgment, with an order for the sale of the attached property ; but no attachment was asked. Defend-

Cramer v. White.

ant, among other matters in his answer, claimed damages for the wrongful suing out of the attachment.

The jury found, generally, for plaintiff on his cause of action in the sum of $209, and for defendant on his counterclaim in the sum of $40, and specially as follows :

1. The amount of the judgment recovered against plaintiff and defendant was $209.24, and the costs thereon at the time of suing out the attachment were $5.05.

2. Plaintiff paid $221 on said judgment, but he had not sustained any damage at the time he procured the writ, nor paid any money on said judgment.

Defendant thereupon moved to discharge the attached property, because, from the verdict of the jury, defendant was not indebted to plaintiff at the time he procured the writ. This motion was overruled, and the court rendered judgment for plaintiff in the sum of $181, and that the attached property be sold to satisfy the same. To the latter order defendant objected, and the objection was overruled. Exceptions were duly taken, and to reverse the order in relation to the attachment part of the proceedings, defendant prosecutes this appeal.

*Perry & Townsend* for the appellant.

*Daniel Anderson* and *Stuart Bros.* for the appellee.

WRIGHT, J. — The appeal (according to the notice thereof), is from the " order that the attached property be 1. PRACTICE: sold to satisfy the judgment." And now exceptions. appellee insists, that, as the objection to this order was oral, it cannot be reviewed by us. To this the answer is, *first*, that the language of the motion is comprehensive enough to cover the order overruling defendant's motion to discharge the property, and this was in writing. And in the *second* place, as the " decision was entered on the record, and the grounds of the exception

VOL. XXIX.—43.

appear in the entry," the exception, being "noted at the end of the decision," was taken in the strictest compliance with the statute. Rev. § 3108. Another exception or objection was not necessary.

This objection out of the way, we come at once to the main and only question ; and that is, Was plaintiff, after 2. ATTACHMENT : the coming in of the verdict, entitled to his discharge of: attachment lien ? And this is, to our minds, amendment. susceptible of but one answer. The law is, that the petition must show something to be due, "which must be more than five dollars, in order to authorize an attachment." Rev. § 3175. *Raver* v. *Webster*, 3 Iowa, 502 ; *Gaddis* v. *Lord*, 10 id. 141. And if judgment is rendered in the action for the defendant, the attached property shall be dicharged; etc. Rev. § 3236; and see also section 3239, which provides that the attachment may be discharged for any cause which makes it apparent of record that the writ should not have issued, or should not have been levied upon the property. Referring to this section, it has been held, that, in a case sufficiently clear and satisfactory, the property on motion should be discharged. *McLaren* v. *Hall*, 26 Iowa, 297. There the evidence was not sufficient to show the property to be exempt. Here it is expressly found, that, at the time the writ issued, plaintiff had no cause of action. It was therefore apparent of record that the writ should not have issued, and the property should have been discharged.

The supplemental petition did not aid plaintiff's case, for an attachment was not asked therein, nor did it, by its terms, revert back to the date of the writ. Indeed, it could not well do this, as it stated facts arising subsequent to that time, and the recovery was upon this and upon nothing else.

                                        Reversed.