Tidrick v. Sulgrove.

*Boal & Jackson*, for appellant.

*Cornell & Bro.*, for appellee.

*FRAUDULENT representation: made prior to consummation of contract.*

The fraudulent representations are sufficiently averred in the answer.

REVERSED.

---

## TIDRICK v. SULGROVE.

**Practice:** ATTACHMENT: DISCHARGE FROM. Attached property will be discharged on motion, under section 3018 of the Code, only when it is *apparent of record* that the property should not have been levied on. The remedy of a third person claiming a lien or interest in it is provided in section 3016 of the Code.

*Appeal from Madison District Court.*

THURSDAY, JUNE 4.

THE plaintiff brought his action on two promissory notes, and sued out a writ of attachment against the property of the defendant, upon which the sheriff attached the growing wheat

upon the land of the defendant. The defendant filed a motion to discharge the levy of the attachment as to this property on the alleged ground that the wheat was not owned by the defendant but was the property of one Eppard under, and by virtue of a chattel mortgage of " all the crops that said Sulgrove may raise on the farm owned and ocupied by him, during the present year," 1873. The motion was supported by affidavits of the defendant and said Eppard. The motion being sustained plaintiff appeals.

*Wainwright & Gilpin*, for appellant.

*J. & B. Leonard*, for appellee.

MILLER, CH. J.—The motion to discharge the attachment was evidently based upon section 3018 of the Code, which is as follows:

" A motion may be made to discharge the attachment, or any part thereof, at any time before trial for insufficiency of statement of cause thereof, or for other cause making it apparent of record that the attachment should not have issued, or should not have been levied on all or on some part of the property held." This section is the same as section 3239 of the

PRACTICE: attachment: discharge from.

Revision, and authorizes the motion for any one of three causes; *first*, when the grounds stated for the attachment are insufficient; *second*, for other cause making it apparent that the attachment should not have issued, or, *third*, for some cause making it apparent of record that the writ should not have been levied on all or some part of the property. The motion is based upon the last of these causes, and raises the question whether it shows a cause making it apparent of record, that the writ of attachment should not have been levied upon the growing wheat on defendant's farm. It was said in *McLaren v. Hall*, 26 Iowa, 300, that "in order to justify the discharge of property on a motion of this kind, so summary in its character, the case should be made clear and satisfactory; otherwise the party should be left to the ordinary means, by the proper action, for testing the liability

of the property levied upon, to be seized by the writ." In the language of the statute it must be made *apparent of record* that the property should not have been levied upon, in order to authorize its discharge from attachment. It does not, however, contemplate cases where a third person claims the attached property, or an interest therein, or lien thereon. . Such cases are provided for in section 3016 of the Code, which authorizes such claimant to present his petition verified by oath, setting forth the facts upon which his claim is founded, and upon which petition his claim may be investigated. In the case before us the defendant set up the claim of a third party to the property, as grounds of his motion to discharge the same from the levy. The statute does not authorize the defendant thus summarily to cut off the plaintiff's right to contest the title of the claimant of the property, especially when the latter has not asked to be made a party, and has made no claim to the property in any legal manner. The court therefore erred in sustaining defendant's motion and its judgment must be

REVERSED.