GORDON v. BUCKNELL EL AL.

1. **Replevin:** MOTION TO QUASH A WRIT. In a summary proceeding, such as a motion to quash a writ of replevin, the evidence to authorize a court to set aside its process ought to be clear and satisfactory.

2. **Evidence:** REPORT OF STATE OFFICERS. A report of the Register of the State Land Office, is not competent evidence to show that lands have been patented to a railroad company:

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JUNE 11.

ACTION of replevin for a horse. There was a verdict and judgment for plaintiff; defendants appeal. The facts of the case so far as they are involved in the points of law ruled, appear in the opinion.

*L. Bullis*, for appellants.

*M. P. Hathaway, J. T. Clark*, for appellee.

BECK, J.—One Berdine purchased the horse in controversy of Plaintiff. There is evidence tending to show that Berdine paid for the horse, by causing a tract of land in O'Brien county, to be conveyed to Betsey Ann Gordon, fraudulently representing the title to be good, and that the sale was conditional and not to be considered consummated until the title to the land should be examined and found to be good. It was claimed by plaintiff upon the trial that no title was conveyed by the deed executed for the lands, the title not being in the grantor. There was evidence tending to prove that defendants had notice of the purchase of the horse.

I. The court gave certain instructions to the jury applicable to the evidence given in the case, tending to establish the fraud in the purchase of the horse by Berdine. There was another instruction given intended to meet the view that the sale of the horse was conditional, and was not to be completed until the title to the land should be examined. We think those instructions are in harmony with the law. Defendant's

counsel insists that they are contradictory and conflicting. But this objection is answered by the consideration of the fact, that the instructions were intended to meet different views of the case, as developed by the evidence. The jury could not have failed to so understand them and could not have been misled by them. The instructions given by the court are, we think, not objectionable as rules of law; those asked by defendant, and refused were either inapplicable to the case or in conflict with those given.

II. The defendants moved to quash the writ of replevin on the ground that the plaintiff through fraud and falsehood had

1. REPLEVIN: motion to quash writ.

obtained possession of the property and brought it from another State into the county where the action was instituted, so that it would be within the jurisdiction of the court. Without deciding that an objection of this kind will lie to the jurisdiction of the court, or that the facts of fraud upon the part of plaintiff in causing the property to be brought within the State for the purpose of having it taken by an officer upon a writ of replevin, may be determined upon motion, and if found, would authorize the court to quash the writ, we are of the opinion that neither fraud nor crime is shown with sufficient clearness to have been committed by plaintiff in bringing this horse into this State. The defendants were attempting to secrete the property from him; he claimed it as his own and it is not satisfactorily established that he made false statements in order to obtain possession of it. In a summary proceeding, as by a motion to quash the writ, the evidence to authorize the court to set aside its process ought to be clear and satisfactory. *McLaine v. Hall*, 26 Iowa, 297.

III. Upon the trial plaintiff was permitted, against defendant's objection, to introduce the report of the Register of the

2. EVIDENCE: report of state officer.

State Land Office in evidence to show that the lands received in payment of the horse were patented to a railroad company and were not owned by the grantor in the deed to him. We are not informed upon what grounds the evidence was admitted. It is in our opinion clearly incompetent. It is not a certificate of a public officer,

a copy from the records in his custody duly authenticated, or in fact any such a document as courts will receive in evidence on account of their public character. It was erroneously admitted in evidence.

Other points made in this case need not be considered.

For this error above pointed out the judgment of the Circuit Court is

REVERSED.