## JOYCE V. MILLER BROS.

ATTACHMENT OF EXEMPT PROPERTY: PRACTICE: BURDEN OF PROOF: EVIDENCE.

*Appeal from Palo Alto Circuit Court.*

THE plaintiff sued out an attachment, and caused certain property to be attached which the court released or discharged from the attachment, and the plaintiff appeals.

*P. O. Cassidy* and *T. W. Harrison*, for appellant

*C. E. Cohoon* and *Geo. E. Clark*, for appellee.

SEEVERS, CH. J.—I. The plaintiff caused to be attached two horses as the property of the defendants. The defendant, John I. Miller, filed a motion under Code § 3018, to discharge the attached property because he was the head of a family, and the horses attached belonged to him, and therewith he

habitually earned his living, and they were therefore exempt from execution. The plaintiff filed an answer to the motion, setting up that the claimant did not claim the property as exempt from execution at the time the levy was made, but on the contrary, voluntarily surrendered it to the sheriff.

On motion the answer was stricken from the files on the ground it was unknown to the law in a case of this kind. Of this ruling the plaintiff complains. We think it correct, because no pleading is required or allowed controverting the motion. If, however, there was error in striking the answer from the files, it was not prejudicial, because evidence was introduced tending to show the matter alleged therein, and no complaint is made that any evidence in relation to the matter pleaded in the answer was excluded.

Counsel, seem to suppose because the matter pleaded by the plaintiff was in the nature of an estoppel, therefore it was essential that the same should be pleaded. But this rule cannot apply in a case where pleadings are not allowed or required.

II. Evidence was introduced by both parties upon the questions, to whom did the property belong, was it exempt from execution, and did the defendant so claim when the levy was made? The burden as to these questions, was on the defendant, and, in relation thereto, we desire to say, we have each, severally and separately, read the evidence, and have separately reached the same conclusion, that we cannot interefere with the findings of the court, which stands as the verdict of a jury. The evidence is seriously conflicting, but we think the preponderance is with the plaintiff. It may be it is not so clear as to whether there was a claim made at the time of the levy that the property was exempt. As to this there is the evidence of the two defendants on one side, and that of the plaintiff and the sheriff on the other.

The strong probabilities are that the witnesses on one side or the other are mistaken, or more worthy of belief than the other. The court below has resolved this question in favor of the defendants, and it is impossible for us to say that this is wrong.

A point is made that the defendant on cross-examination testified, "I did not own any teams, or that team individually." Conceding this is material, we think the witness did not intend to be understood to mean or refer to the time he was testifying. The evidence of the witness taken all together, shows that he did own the team, and so testified and asserted throughout his examination as a witness, in terms that cannot be misunderstood, with the apparent exception above stated.

AFFIRMED.