WILLIAM BELL, Appellant, v. COURTEEN SEED COMPANY et al., Appellees.

ATTACHMENT: Discharge on Motion—Finding. A finding by the
1    court that an interstate shipment was represented by an outstanding negotiable bill of lading and that the same had neither been impounded nor its negotiation enjoined, and that, as a consequence, the property was not subject to attachment, will, on appeal, be given the force and effect of a jury verdict.

AFFIDAVITS: Use in Evidence—Discharge of Attachment. Principle
2    recognized that affidavits are properly receivable to prove the grounds of a motion for the discharge of an attachment.

*Appeal from Lucas District Court.*—SENECA CORNELL, Judge.

FEBRUARY 5, 1924.

SUMMARY proceeding for the release of attached property. —*Affirmed.*

*J. W. Kridelbaugh* and *O. M. Slaymaker,* for appellant.

*W. D. Eaton* and *Stuart & Stuart,* for appellees.

STEVENS, J.—This is a summary proceeding in an action at law for the release of attached property. The following matters of record are material: An action was commenced in the district court of Lucas County on August 23, 1922, by appellant, against the Courteen Seed Company, a corporation of Milwaukee, Wisconsin, to recover a balance alleged to be due him upon shipments of seed to it at that place. A writ of attachment was sued out and levied by garnishing the Chicago, Burlington & Quincy Railroad Company, appellee herein, as a supposed debtor of the defendant seed company. In addition to garnishing the railroad company, a quantity of timothy seed, in sacks, was seized and removed by the sheriff from a box car on the tracks and in the custody of appellee railroad at Chariton, Iowa. The timothy seed was consigned by Eddy Grain & Produce Company of Osceola, Iowa, to itself as consignee, with a notation on the way-bill to "notify the defendant Courteen Seed Company."

1. ATTACHMENT: discharge on motion: finding.

On August 28, 1922, the garnishee filed its answer in the office of the clerk of the district court of Lucas County, together with a motion, as a part thereof, for the discharge of the attached property, upon the ground that the shipment was interstate, and under a negotiable bill of lading, and therefore exempt from attachment. The motion of the garnishee further alleged that the bill of lading had not been surrendered to it, or impounded by the court, or its negotiation enjoined.

Plaintiff filed a reply, controverting the answer of the garnishee,—which answer merely stated that it did not have in its possession or under its control any rights, property, or credits belonging to the defendant,—and denying that the shipment was under a negotiable bill of lading, and averring that a sight draft, drawn by the shipper on the Courteen Seed Company for $1,650, and attached to the bill of lading, was paid by the defendant, to whom the draft and bill of lading were surrendered. Both the motion of the garnishee to release the attached property and the reply of appellant controverting the answer of the garnishee were verified. As neither the motion nor the reply is in the form of an affidavit, we assume that the verification was such as is usually attached to verified pleadings.

In addition to the recitals of the verified motion to release the attached property, O. P. Troutwein, the agent of appellee at Chariton, was introduced and examined as a witness by appellee, in regard to the bill of lading. Much of his testimony was incompetent and hearsay. The shipment of the timothy seed originated at Truro. The witness never saw the bill of lading, and, of course, could not testify, from personal knowledge, whether it was a negotiable or nonnegotiable instrument. Some of his testimony is competent, and, so far as it is, it tends to support the allegations of the motion. He identified an exhibit which purported to be the original waybill, which was offered in evidence. The objection to the offer of this exhibit was general, and did not raise any question as to the sufficiency of its identification. The effect of Troutwein's testimony was that the form of the waybill was that used when a negotiable bill of lading is issued. He admitted on cross-examination that he had no personal knowledge as to the negotiable character of the bill of lading, further than that the consignor was also

named as the consignee, and that bills of lading in that form were usually negotiable by indorsement. The agent of appellee at Truro, who issued the waybill and bill of lading, was not called to testify.

That the timothy seed was in transit as an interstate shipment is not questioned. A negotiable bill of lading is defined by the act of Congress of August 29, 1916, as follows:

"That a bill in which it is stated that the goods are consigned or destined to the order of any person named in such bill is an order bill. Any provision in such a bill or in any notice, contract, rule, regulation, or tariff that it is nonnegotiable shall be null and void and shall not affect its negotiability within the meaning of this act unless upon its face and in writing agreed to by the shipper." Section 3, Chapter 415, Act of August 29, 1916.

To the same effect, see Section 3138-b4, 1913 Supplement to the Code.

Goods consigned by the owner, to whom an order bill of lading is issued, are not subject to attachment by garnishment or otherwise, while in the possession of the carrier. Section 23, 39 Statutes at Large 542, is as follows:

"That if goods are delivered to a carrier by the owner or by a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner, and an order bill is issued for them, they cannot thereafter, while in the possession of the carrier, be attached by garnishment or otherwise or be levied upon under an execution unless the bill be first surrendered to the carrier or its negotiation enjoined. The carrier shall in no such case be compelled to deliver the actual possession of the goods until the bill is surrendered to him or impounded by the court."

To the same effect, see Section 3138-b23, 1913 Supplement to the Code.

It follows, of necessity, from the foregoing provisions of both the Federal and state statutes, that, if the attached property was consigned to appellee in this state for transportation to a point outside thereof, and a negotiable bill of lading was issued therefor, it was not, while in the possession of appellee, subject to attachment, either by garnishment or levy thereon.

The sole question is: Was it made "apparent of record" in the court below that the transaction was of the character indicated? The motion to discharge the property was based upon Section 3929 of the Code of 1897, which is as follows:

"A motion may be made to discharge the attachment or any part thereof, at any time before trial, for insufficiency of statement of cause thereof, or for other cause making it apparent of record that the attachment should not have issued, or should not have been levied on all or on some part of the property held."

No appearance was entered in the court below or in this court for the defendant Courteen Seed Company, nor was the right of the garnishee to be heard in a summary proceeding for the release of the attached property under the provisions of Section 3929 in any way challenged below. Section 3929 of the Code of 1897 is identical with Section 3239 of the Revision and Section 3018 of the Code of 1873. That a motion to discharge attached property may be determined on affidavits was recognized by this court in *McLaren v. Hall*, 26 Iowa 297. The proceeding is distinctly summary in character. Commenting upon the character of the showing required, the court in the above case said:

2. AFFIDAVITS: use in evidence: discharge of attachment.

"But in order to justify the discharge of property on a motion of this kind, so summary in its character, the case should be made clear and entirely satisfactory; otherwise the party should be left to the other and ordinary means, by the proper action, for testing the liability of the property levied upon, to be seized under the writ. In this case the affidavits leave it uncertain whether the homestead was actually occupied as such prior to the time the debt sued on was incurred."

This statement of the rule has been approved in later cases. *Union County Inv. Co. v. Messix*, 152 Iowa 412; *Cox v. Allen*, 91 Iowa 462; *Tidrick v. Sulgrove*, 38 Iowa 339; *Franke v. Kelsheimer*, 180 Iowa 251.

Treating the above verified motion of the garnishee and the verified reply of the appellant controverting its answers as such garnishee as in the nature of affidavits, can it be said that they, when supplemented by the competent evidence of Troutwein, made it apparent of record that the attachment should not

have been levied? No claim is made that it was not regularly issued, or that a proper bond was not filed. The record does not disclose by whom the motion to discharge was verified, nor whether or not the affiant had personal knowledge of the form of the bill of lading issued to the shipper. The sufficiency of the verified motion alone is challenged, and no claim is made that the affiant did not have personal knowledge of the matters therein contained. No reason is assigned by appellee for its failure to support the motion by competent evidence of someone familiar with the facts. Appellant introduced no evidence to overcome the allegations of the verified motion or the testimony of Troutwein, but relies wholly upon his verified reply and the alleged weakness of appellee's proof.

We have held that no pleading controverting a motion to discharge attached property is required or allowed. *Joyce v. Miller Bros.*, 59 Iowa 761. This holding was not intended, however, to operate as a denial of the right of the plaintiff to meet the showing of the moving party with a countershowing of the facts as claimed by him. The mere denial by appellant that the bill of lading under which the shipment was being carried was negotiable, affords no assistance to the court whatever. If it was an order bill, as stated in the motion, then, under the statutes cited, the property could not be held under either the garnishment or the levy of the attachment thereon. Appellant does not in argument claim anything for the allegations of his reply controverting the answer of the garnishee, that the bill of lading was forwarded by the consignor, with draft attached, to Milwaukee, and the draft paid by the defendant at that point, in support of which allegations no evidence was offered. A summary proceeding by motion for the discharge of attached property in a law action is essentially at law, and the finding of the court below upon the questions of fact presented will be given the same weight as the verdict of a jury, taking into account, of course, the quantum and character of the proof required by the statute. The case is not triable *de novo* in this court. If, as stated above, the bill of lading was drawn to the order of the shipper, satisfactory proof of this fact would be sufficient to justify the discharge of the attached property. An uncontroverted affidavit of that fact, attached to the motion,

would clearly make an apparent showing of record of a ground for sustaining it.    This seems to us to be, in effect, the situation in this case.   All uncertainty could easily have been dispelled by the introduction of competent evidence of the form of the bill of lading.    The trial court deemed the showing sufficient on that point, and must have found, as a matter of fact, that the bill of lading was negotiable.   We are not inclined to disturb this finding.

This conclusion makes the consideration of the motion of appellee to dismiss the appeal unnecessary.

The judgment of the court below, ordering the attached property released, is—*Affirmed*.

Arthur, C. J., De Graff and Vermilion, JJ., concur.