**FARMERS NATIONAL BANK OF WEBSTER CITY, IOWA, Appellant,**

v.

**Robert MANKE d/b/a Country Garden Store, Appellee.**

**No. 92–234.**

Supreme Court of Iowa.

May 19, 1993.

James A. McGlynn of Bottorff, Greenley & McGlynn, Webster City, for appellant.

Angela J. Ostrander of Kersten & Carlson, Fort Dodge, for appellee.

CARTER, Justice.

Farmers National Bank of Webster City (the bank), the plaintiff in an action on a promissory note, appeals from a pretrial order discharging an attachment of the business real estate of the debtor, defendant, Robert Manke d/b/a Country Garden Store (Manke). The bank had sought and obtained an attachment, as an auxiliary remedy, on Manke's business real estate based on the allegation that he was about to sell his property and place it beyond the reach of his creditors.

Manke filed a motion to discharge the attachment, supported by affidavit, and the bank filed counteraffidavits. Subsequently, an evidentiary hearing was held before the district court. Manke testified that he did propose to sell his business real estate and that he intended to use the proceeds to pay real estate taxes on his house and to reduce his home mortgage. The district court, after finding that the intended disposition of the proceeds of the pending sale was as Manke had testified, concluded that no legal basis existed for continuing the attachment. Consequently, it entered an order discharging the attachment. The bank has appealed.

In seeking reversal of the district court's order, the bank urges three grounds: (1) that a motion to discharge an attachment under section 639.63 (1991) may only be used to test the legal sufficiency of the stated grounds and not to traverse the factual basis for those grounds, (2) that such motions should only be heard on affi-

davits, and (3) that such motion should be considered as in the case of motions for summary judgment and overruled if the facts are in any manner in dispute.

■ The debtor argues that the bank waived these contentions by not asserting them at the hearing on the motion to discharge the attachment. We agree that the bank did not object to the debtor presenting oral testimony in support of the motion for discharge. Consequently, it may not assert that circumstance as a basis for reversal. We believe the record is clear, however, that the bank did assert that the factual basis for its alleged grounds for attachment could not be tried out on a motion filed under section 639.13. It also asserted that the court should consider the record as if the matter were a motion for summary judgment. Consequently, we conclude that the first and third grounds argued by the bank on appeal have been preserved for our review. We conclude that both of these grounds provide a basis for reversal.

■ Although our decision in *Rockport Co. v. Wedgewood, Inc.*, 447 N.W.2d 126 (Iowa 1989), established a basis for the legal claim that Manke is advancing, *i.e.*, that a debtor is free to use his property to prefer a particular creditor, it does not validate the procedure by which that proposition is now being asserted. In considering this proposition, the point of beginning is the opinion of this court in *Sturman v. Stone*, 31 Iowa 115 (1871). In considering a motion for discharge of an attachment under Iowa Code section 3239 (Rev.1860), a statutory predecessor to section 639.63, this court stated:

> The defendant also grounded his motion to dissolve the attachment on certain affidavits filed by him, showing that the cause for attachment, as stated by the plaintiff in his petition, was not true—that it had no existence in fact.

*Id.* at 118. The court in *Sturman* relied on its earlier decision in *Sackett, Belcher & Co. v. Partridge & Cook*, 4 Iowa 416 (1857), in holding that "the general and better opinion now is that such issues can

be made only in an action on the attachment bond." *Id.*

The *Sturman* case was followed in *Peters v. Snavely–Ashton*, 157 Iowa 270, 134 N.W. 592 (1912). In considering the scope of the matters to be considered on a motion to discharge an attachment, the court stated:

> The alleged grounds of an attachment cannot be controverted by evidence for the purpose of quashing the writ. They can be traversed in the main action only by a counterclaim on the bond. If an excessive levy be made or if exempt property be attached, the defendant may move for a discharge of the attachment as to such property. If the property of a third party be wrongfully attached, such party may also appear and move for a discharge or release. It is only in some such sense that the defendant can move to dissolve or discharge an attachment. *A writ of attachment is not like a writ of temporary injunction, subject to dissolution pending the action upon mere preliminary investigation of the facts.*

*Id.* at 270, 134 N.W. at 593 (emphasis added) (decided under Iowa Code § 3929 (1897)).

The provisions of section 639.63 are substantially similar to the provisions of the statutes in effect at the time of the *Peters* and *Sturman* decisions. We conclude that no different result is warranted under the present statute. The language of the current section 639.15 appears to perpetuate the principles on which *Peters* and *Sturman* were decided. The proper method for Manke to have traversed the factual allegations in support of the attachment was by an action on the bond under section 639.14. That was the procedure that was successfully employed by the debtor in the *Rockport Co.* decision.

■ Although it is not necessary to our decision, we also agree with the bank's contention that, whatever issues may be considered in a motion for discharge under section 639.63, the scope of the summary consideration provided by that statute is the same as in ruling on a motion for summary judgment. This proposition was

recognized in *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201 (Iowa 1971). In that case, the court stated:

> In Bell v. Courteen Seed Co., 197 Iowa 120, 124, 196 N.W. 1006[, 1008 (1924)], this court held a proceeding for discharge of an attachment is summary in nature. Earlier we took the position of a court, in such matters, may justifiably consider all papers properly on file....
>
> ... The situation thus presented is analogous to that regarding summary judgment proceedings under Iowa R.Civ.P. 237, as amended. In such matters the court must examine all pleadings, depositions, answers to interrogatories and affidavits on file, if any, in order to determine the matter. See Iowa R.Civ.P. 237(c)....

*Id.* at 203–04. Under a summary judgment standard, the record in the present case concerning the debtor's motives in selling the property reveals a genuine issue of material fact.

Based on our holding that the factual basis of the grounds alleged in support of an attachment may not be traversed on a motion to discharge attachment under section 639.63, the judgment of the district court must be reversed. It is so ordered.

**REVERSED.**

All Justices concur except SNELL, J., and McGIVERIN, C.J., and HARRIS and NEUMAN, JJ., who dissent.

SNELL, Justice (dissenting).

I respectfully dissent.

The majority has reversed the trial court relying on a specious reason. That reason, as stated by the majority, is that "the debtor's motives in selling the property" present a genuine issue of material fact. That being so, the majority finds a procedural error, stating that the trial court should not have decided this factual issue in a proceeding under section 639.63 to discharge an attachment.

The majority's reason and its reliance are specious because the debtor's motives are not disputed and therefore present no issue of material fact to be decided in a trial.

The bank accused Manke of selling his business property "the Country Garden Store" and planning to place the proceeds beyond the reach of his creditors. The majority agrees that in the proceeding to discharge the attachment, Manke's oral testimony in support of his motion to discharge was properly accepted by the trial court since the bank did not object. Manke testified that he intended to use the proceeds to pay his creditors, but not the bank. Specifically, he stated he was going to pay his home mortgage, miscellaneous small debts, taxes and attorney's fees. In so testifying, Manke admitted that he was going to place the proceeds beyond the reach of one creditor, the bank, by paying off other creditors. Manke's motive was to prefer creditors and he admitted it. There is no motive by Manke that is disputed to try out. His motive is laid as bare as fossilized bones.

The real question that the trial court answered and the majority deflects is whether Manke's admitted acts provide a legal ground for the bank's attachment of his business property. The bank, the majority, and I agree that the summary judgment procedure is proper to decide legal issues. That is exactly what the trial court was left to decide after Manke's testimony and the bank officials' testimony. The procedural glitch, if any occurred, was waived by the bank; the parties and the court moved on to the real business at hand.

It is clear that what really gagged the bank was the prospect of not being paid and Manke's paying off his home mortgage instead. The majority may be similarly disquieted. Irrespective of the rectitude involved, nothing prevented the bank from protecting itself by other legal means. It could have refused to loan money to Manke initially if it thought it needed a mortgage on his business as additional security. It could have obtained a judgment on Manke's defaulted note earlier. Only after Manke had advertised the business property for sale at auction, and received and accepted a private offer of $45,000, did the bank employ the most disfavored of legal remedies—the attachment.

In *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201 (Iowa 1971), we recognized that the motion to discharge an attachment under section 639.63 should be considered as a motion for summary judgment. A summary proceeding by motion for the discharge of attached property in a law action is essentially at law. *Bell v. Courteen Seed Co.*, 197 Iowa 120, 124, 196 N.W. 1006, 1008 (1924). The case is not triable de novo. *Id.* In holding that Manke was not converting the Country Garden Store real estate to place its cash proceeds beyond the reach of all of Manke's creditors, the trial court relied on our holding in *Rockport Co. v. Wedgewood, Inc.*, 447 N.W.2d 126 (Iowa 1989). The trial court found that Manke merely preferred other creditors over the bank, a choice sanctioned in *Rockport*.

In *Rockport*, the debtor, who operated a shoe store, notified all of its creditors that proceeds from a bulk sale transfer of inventory would be paid to creditors with a security interest in that inventory. The transfer was challenged by an unsecured creditor, who attached and seized the inventory. On the debtor's suit for wrongful attachment, we held that preferential treatment among creditors, outside bankruptcy and absent fraud, was not a justification for an attachment under section 639.3(10). *Rockport*, 447 N.W.2d at 132.

The debtor in *Rockport* announced its uncontroverted intention to use the proceeds of the transfer to pay its secured creditors. In fact, the secured creditors had a superior right to the sale proceeds over the plaintiff, because a security interest in collateral continues into the proceeds of the collateral under Iowa Code section 554.9306. Also, the preferred creditors in *Rockport* were bona fide creditors of the defendant. We concluded that the debtor was not converting assets and placing the proceeds beyond all creditors' reach. *Id.*

In the case at bar, Manke indicated a desire to pay his home mortgage, miscellaneous small debts, taxes and his attorney's fees. There is no evidence from this statement nor is any presented by the bank that any of the money obtained from sale of the real estate would be used for a purpose other than paying existing creditors. The argument is made that payment of Manke's home mortgage creditor should not count as a creditor because the homestead is exempt from levy under Iowa Code section 561.16 and payment would personally benefit Manke. Thus, it is argued, the ground for attachment is satisfied that Manke is placing the proceeds beyond the reach of his creditors, namely Farmers National.

Some indication of rejection of this proposal appears in *Frudden*, 183 N.W.2d at 201. In *Frudden*, a truck was found to be exempt property and the attachment was therefore discharged. The fact that the debtor's exemption inured to the benefit of his wife and family was of no consequence.

Similarly, the fact that a home mortgage creditor will be paid instead of the bank is not determinative. There is no indication by statute that a preference of this type provides evidence to support the ground for attachment alleged. The trial court relied on our analysis in *Rockport* that a disappointed unsecured creditor may not attach a debtor's assets under section 639.-3(10) merely because the debtor was paying another bona fide creditor. *Rockport*, 447 N.W.2d at 131. The substance of the transaction objected to is a nonfraudulent preferential transfer outside of bankruptcy.

The trial court properly analyzed the legal issue, applied the law as we set out in *Rockport*, and decided the only critical matter of law left in the case as it was presented by the parties. In so doing, the trial court achieved the correct result under the law with the efficiency we have encouraged. I would affirm.

McGIVERIN, C.J., and HARRIS and NEUMAN, JJ., join this dissent.